UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————————X

Northland Family Planning Clinic Inc., et al.   :
                                                 :
                                  Plaintiffs,    :        Civil Action
                v.                               :        No. 01-CV-70549
                                                 :        Hon. Judge O'Meara
Jennifer M. Granholm, Attorney General of the    :
        State of Michigan, et al.,               :
                                  Defendants.    :

———————————————————X

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs, as the prevailing parties in this action, by and through their undersigned

attorneys, hereby move this Court, pursuant to 42 U.S.C. § 1988, Rule 54(d) of the Federal Rules

of Civil Procedure, Local Rule 54.1, and 28 U.S.C. § 1920 for an award of attorneys' fees and

costs.  By Order dated February 26, 2002, this Court granted Plaintiffs' Motion for Summary

Judgment and denied Defendants' Motion for Judgment on the Pleadings.  As a result of that

ruling and of the parties' previous settlement of other issues asserted by Plaintiffs in their

complaint, Plaintiffs have prevailed in their efforts to block the unconstitutional implementation

of Mich. Comp. Laws Ann. § 333.17015.

Plaintiffs seek an award of attorneys' fees in the amount of $102,390.60, plus taxable and

non-taxable costs in the amount of $3,234.95, for a total award of $105,625.55, and a judgment

against the Defendants jointly and severally in the same amount or such other amount as the

Court deems just and proper.  This motion is made upon the accompanying Plaintiffs' Brief In

Support of Their Motion for Attorneys' Fees and Costs, the Declarations of Julie Rikelman, Bebe

J. Anderson, Priscilla J. Smith, David A. Nacht, and Susan J. Kohlmann, and all pleadings in this file.

Dated: October  | |  , 2002                              Respectfully submitted,

                                                         _____
                                                         Bebe J. Anderson
                                                         The Center for Reproductive Law & Policy
                                                         120 Wall Street, 14th Floor
                                                         New York, NY 10005
                                                         (917) 637-3600

                                                         David A. Nacht, P.C.
                                                         Bar Number P. 47034
                                                         201 South Main, Suite 1000
                                                         Ann Arbor, MI 48104
                                                         (734) 663-7550

                                                         Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

Northland Family Planning Clinic Inc., et al.　　X
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Plaintiffs,　　　　:　　　Civil Action
　　　　　　v.　　　　　　　　　　　　　　　:　　　No. 01-CV-70549
　　　　　　　　　　　　　　　　　　　　　　　:　　　Hon. Judge O'Meara
Jennifer M. Granholm, Attorney General of the　:
　　　State of Michigan, et al.,　　　　　　　　:
　　　　　　　　　　　　　　Defendants.　　　 :
---X

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR

## ATTORNEYS' FEES AND COSTS

Bebe J. Anderson
The Center for Reproductive Law & Policy
120 Wall Street, 14th Floor
New York, NY 10005
(917) 637-3600

David A. Nacht, P.C.
Bar Number P. 47034
201 South Main, Suite 1000
Ann Arbor, MI 48104
(734) 663-7550

Attorneys for Plaintiffs

## Concise Statement of Issues Presented

Plaintiffs' motion presents the following issues:

1. Whether Plaintiffs are entitled to recover from Defendants attorneys' fees and costs for their attorneys' work at the district court level in this case?

2. Whether Plaintiffs are entitled to an award of $102,390.60 in attorneys' fees and $3,234.95 in costs or to an award in some other amount?

## Controlling or Most Appropriate Authority

**Issue 1:**

<u>Cases</u>

*Dover v. Rose*, 709 F.2d 436 (6th Cir. 1983)

*Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)

*Fulps v. City of Springfield*, 715 F.2d 1088 (6th Cir. 1983)

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)

*Johnston v. Jago*, 691 F.2d 283 (6th Cir. 1982)

*Kissinger v. Bd. of Trs.*, 5 F.3d 177 (6th Cir. 1993)

*Northcross v. Bd. of Educ. of Memphis Sch. Dist.*, 611 F.2d 624, 636 (6th Cir. 1979)

*Owner-Operator Indep. Drivers Ass'n v. Bissell*, 210 F.3d 595 (6th Cir. 2000)

<u>Federal Statutes, Rules</u>

28 U.S.C. § 1920

42 U.S.C. § 1988

F.R.C.P. Rule 54(d)

E.D. Michigan Local Rule 54.1

**Issue 2:**

<u>Cases</u>

*Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000)

*Blanchard v. Bergeron*, 489 U.S. 87 (1989).

*Blum v. Stenson*, 465 U.S. 886 (1984)

*Cicero v. Borg-Warner Auto, Inc.*, 163 F. Supp. 2d 743 (E.D. Mich. 2001)

*City of Riverside v. Rivera*, 477 U.S. 561 (1986)

*Freier v. Freier*, 985 F. Supp. 710 (E.D. Mich. 1997)

*Hadix v. Johnson*, 65 F.3d 532 (6th Cir. 1995)

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)

*In re Atlas Automation, Inc.*, 27 B.R. 820 (Bankr. E.D. Mich. 1983)

*Johnson v. Univ. Col. of the Univ. of Ala. in Birmingham*, 706 F.2d 1205 (11th Cir. 1983)

*Louisville Black Officers Org., Inc. v. Louisville*, 700 F.2d 268 (6th Cir. 1983)

*McCollough v. Cady*, 640 F. Supp. 1012 (E.D. Mich. 1986)

*McHugh v. Olympia Entm't, Inc.*, 2002 WL 1065948 (6th Cir. 2002)

*Northcross v. Bd. of Educ. of Memphis Sch. Dist.*, 611 F.2d 624, 636 (6th Cir. 1979)

*Planned Parenthood v. Engler*, 1994 WL 780934 (W.D. Mich. 1994)

*Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999)

Federal Statutes, Rules

28 U.S.C. § 1920

42 U.S.C. § 1988

F.R.C.P. Rule 54(d)

E.D. Michigan Local Rule 54.1

## I.  INTRODUCTION

On February 26, 2002, this Court issued its Memorandum Opinion and Order granting

Plaintiffs' motion for summary judgment and finding unconstitutional Subsection 9 of Act No.

345 of Michigan Public Acts of 2000, Mich. Comp. Laws Ann. § 333.17015(9) (West 2002).

This order followed a stipulation of settlement entered into in May of 2001 that favorably

resolved Plaintiffs' claims as to other subsections of the challenged law.

As the prevailing parties in this action, Plaintiffs are entitled to an award of attorneys'

fees and costs under 42 U.S.C. § 1988, Rule 54(d) of the Federal Rules of Civil Procedure, Local

Rule 54.1, and 28 U.S.C. § 1920. Section 1988 provides that the Court may award "a reasonable

attorney's fee" to prevailing parties in actions arising under the constitution or federal civil rights

law, 42 U.S.C. § 1983. Plaintiffs prevailed on all issues and are entitled to an award of attorney

fees. Accordingly, for the reasons set forth below, Plaintiffs seek an award in the amount of

$102,390.60 in fees and $3,234.95 in costs and a judgment against the Defendants jointly and

severally in the same amount or such other amount as this Court deems just and proper.

## II.  SUMMARY OF THE LITIGATION

In April, 2001, Plaintiffs filed a complaint challenging the constitutionality of Act No.

345 of Michigan Public Acts, Mich. Comp. Laws Ann. § 333.17015 (hereinafter "the Act" or

"MCL § 17015"). On May 9, 2001, Plaintiffs and Defendants entered into a stipulated

settlement vindicating rights secured by the United States Constitution and cognizable under 42

U.S.C. § 1983, which has been "so ordered" by the Court. Specifically, the parties resolved the

following issues: (1) the Act would not ban abortions using mifepristone and misoprostol,

because the Michigan Department of Community Health ("MDCH") would prepare written

summaries for such abortions; (2) the Act would not ban abortions performed using procedures

1

other than those described in written summaries prepared by the Department of Community Health ("the Department"), because physicians may prepare written summaries of other procedures; (3) the Act would not prohibit the use of medications during abortion procedures; and (4) physicians are exempt from the requirement of providing summaries of abortion procedures in medical emergencies and the requirements of subsections (1), (3), (6), and (8) do not apply in an emergency. (Partial Settlement Stipulation ["Settlement Stip."] ¶¶ 1-6.)

The settlement agreement stipulated that the remaining issues on which the parties had not reached agreement, namely the constitutionality of Subsection 9 of the Act and the question of attorneys' fees and costs, were to proceed to trial. (Settlement Stip. ¶¶ 7, 10, 12.) On May 29, 2001, Plaintiffs filed a motion for summary judgment; Defendants cross-moved for judgment on the pleadings. On February 26, 2002, this Court issued its Memorandum Opinion and Order granting Plaintiffs' motion for summary judgment, denying Defendants' motion for judgment on the pleadings, and declaring Subsection 9 of the Act unconstitutional. *Northland Family Planning Clinic v. Granholm*, No. 01-70547 (E.D. Mich. Feb. 26, 2002). The parties entered into a stipulation, which was "so ordered" by this Court, extending Plaintiffs time within which to file for attorneys' fees and costs. On or about March 11, 2002, Defendants filed a motion to amend findings and/or grant relief from judgment. By Order dated July 17, 2002, this Court denied Defendants' motion in its entirety.

## III.   ARGUMENT

### A.   Plaintiffs are Entitled to Attorney's Fees and Costs under 42 U.S.C. § 1988.

"The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances. Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v.*

*Eckerhart*, 461 U.S. 424, 429 (1983) (citations omitted). Once a plaintiff is found to be a "prevailing party," the plaintiff is "entitled to recover attorneys' fees for all time reasonably spent on a matter." *Northcross v. Bd. of Educ. of Memphis Sch. Dist.*, 611 F.2d 624, 636 (6th Cir. 1979).

### 1. Plaintiffs are Prevailing Parties under this Court's Ruling on Their Summary Judgment Motion.

This Court's February 26, 2002 Opinion leaves no doubt that Plaintiffs have prevailed. In this action, Plaintiffs sought to enjoin the State from enforcing a law that made it a crime for physicians to obtain payment at the time services are rendered for "abortion related" services, and that imposed a mandatory 24 hour delay before permitting a request for payment to be issued. *See* Mich. Comp. Laws Ann. § 333.17015(9); Pls.' Mem. of Law in Support of Mot. for Sum. J. As a result of Plaintiffs' lawsuit, this Court held Subsection 9 of the Act unconstitutionally vague. Therefore, due to this lawsuit, providers of abortion services in Michigan can continue to provide the full range of medically necessary services to their patients, without the chilling effect that would be caused by fear of financial hardship or criminal sanctions under Subsection 9. The Court has thus granted Plaintiffs the relief they sought in their complaint with respect to Subsection 9 of the Act.

### 2. Plaintiffs are Prevailing Parties under the Terms of the Partial Stipulated Settlement.

Under established law in the United States and the Sixth Circuit, a plaintiff need not prevail on all issues through a full trial in order to be considered the "prevailing party." According to the Supreme Court, a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12

3

(1992). In order to prevail, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id*; *see also Hensley*, 461 U.S. at 433 ("[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."). In *Farrar*, the Court also observed that "[n]o material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled *to enforce a judgment, consent decree, or settlement against the defendant*." *Farrar*, 506 U.S. at 113 (emphasis added).

Here, the Plaintiffs have prevailed because, as a result of their litigation efforts, they are now "entitled to enforce a . . . settlement" against the defendants. 506 U.S. at 113; *see also, e.g.*, *Owner-Operator Indep. Drivers Ass'n v. Bissell*, 210 F.3d 595 (6th Cir. 2000) (plaintiff may prevail through enforceable judgement or settlement); *Dover v. Rose*, 709 F.2d 436, 439 (6th Cir. 1983) (same). As the Sixth Circuit has noted,

> [a] plaintiff who obtains relief through settlement is the 'prevailing party' within the meaning of [§ 1988]. The phrase 'prevailing party' is not intended to be limited to the victor only after entry of a final judgment following a full trial on the merits. . . . If the litigation terminates by consent decree, for example, it would be proper to award counsel fees.

*Fulps v. City of Springfield*, 715 F.2d 1088, 1090 (6th Cir. 1983). Parties may thus be considered to have prevailed in the Sixth Circuit "when they have vindicated important rights through a consent judgment." *Northcross*, 611 F.2d at 633.

Under the Sixth Circuit test, in order for a party to a settlement to be considered a prevailing party, the party must receive redress as a result of having filed suit and be legally entitled to the redress. *Kissinger v. Bd. of Trs.*, 5 F.3d 177, 179 (6th Cir. 1993); *Johnston v. Jago*, 691 F.2d 283, 286 (6th Cir. 1982). In this lawsuit, Plaintiffs had challenged the Act's

4

requirement that physicians provide written summaries prepared by MDCH to patients

requesting abortion, the lack of an emergency exception to this requirement, and the

criminalization of off-label use of drugs used commonly in abortion, such as Misoprostol. *See*

MCL §§ 17015 (3)(c), (11)(e); Pls. First Am. Compl. at ¶¶ 1-8. Without the settlement reached

by the parties, the only abortion procedures which could have been lawfully performed in

Michigan would have been those for which MDCH had prepared a written summary;

medications used in abortion procedures as a standard and accepted part of medical practice

could no longer be used because the U.S. Food and Drug Administration had not specifically

approved them "for use in performing an abortion;" medical abortions could not have been

performed in Michigan; and abortions could not have been performed prior to the expiration of a

24 hour waiting period, even when needed earlier in order to preserve and protect the woman's

health or life.

As a result of Plaintiffs' lawsuit, the Defendants have stipulated, *inter alia*, that

physicians may provide patients with summaries developed by the physician, rather than by the

MDCH, when MDCH has not prepared a summary; that physicians are exempt from providing

summaries of abortion procedures and from other requirements under the act in medical

emergency situations; that Section 17015 does not prohibit abortion procedures or the use of any

medication during abortion not otherwise prohibited under Michigan law; and that physicians

using the drug Misoprostol for off-label use will not be prosecuted. (Settlement Stip. at ¶¶ 1-6.)

Under the terms of the settlement, Plaintiffs received the redress to which they were legally

entitled and "materially alter[ed] the legal relationship between the parties by modifying the

defendant's behavior in a way that directly benefits the plaintiff." *Owner-Operator Indep.*

5

*Drivers Ass'n*, 210 F.3d at 597. Thus, under the first prong of the test laid out in *Kissinger*,

Plaintiffs are prevailing parties under the settlement.

Moreover, Plaintiffs satisfy the second prong of the *Kissinger* test in that they were

legally entitled to the redress sought. As outlined in Plaintiffs' First Amended Complaint, the

Act would have placed undue burdens on women seeking abortion by eliminating access to

medical abortion by prohibiting off-label uses of drugs required to perform safe medical

abortions, and would have endangered women's health by prohibiting off-label use of drugs

commonly used in performing surgical abortions and preventing physicians from providing

emergency abortion care to their patients. Plaintiffs were entitled to relief under the right to

privacy and liberty guaranteed by the Due Process Clause of the Fourteenth Amendment, under

the Equal Protection Clause of the Fourteenth Amendment, and under 42 U.S.C. § 1983. (*See*

Pls.' First Am. Compl. at ¶¶ 62-79.) In preventing the implementation of the statute as drafted,

the settlement thus "vindicat[ed] important rights." *Northcross*, 611 F.2d at 633. Plaintiffs thus

fulfill the requirements to qualify as "prevailing" under the two-prong test laid out in *Kissinger*.

**B.      Plaintiffs Are Entitled to a "Full Compensatory Fee" Based on Their Reasonable Request.**

As the prevailing parties, Plaintiffs are entitled to recover a "fully compensatory fee."

*Hensley*, 461 U.S. at 435 ("[w]here a plaintiff has obtained excellent results, his attorney should

recover a fully compensatory fee"); *see also, Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343

(6th Cir. 2000) (same).[1]

---

[1] Notably, attorneys' fees and costs almost universally have been awarded in successful challenges to laws restricting abortion or other reproductive health services. *See, e.g., Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691 (9th Cir. 1996); *Jane L. v. Bangerter*, 61 F.3d 1505 (10th Cir. 1995); *Charles v. Daley*, 846 F.2d 1057 (7th Cir. 1988); *Carhart v. Stenberg*, 11 F. Supp. 2d 1134 (D. Neb. 1998), *aff'd*, 192 F.3d 1142 (8th Cir. 1999).

Plaintiffs have calculated their attorneys' fee request by multiplying the number of hours reasonably spent on this case by reasonable hourly rates. This type of calculation – known as the "lodestar" – is "presumed to be the reasonable fee contemplated by § 1988." *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986). The Sixth Circuit has recognized that the lodestar is the appropriate method of determining the amount of attorneys' fees to award. *Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999). After the lodestar figure is determined, the Court may then consider the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974),[2] to determine whether any portion of this fee should be adjusted upwards or downwards. *Reed*, 179 F.3d at 471. However, as this Circuit held in *Northcross*, "an analytical approach, grounded in the number of hours expended on the case, will take into account all the relevant factors [listed in *Johnson*], and will lead to a reasonable result." 611 F.2d at 642. The Supreme Court adopted that principle in *Hensley*, 461 U.S. at 434, acknowledging that "many of [the *Johnson*] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Thus, the lodestar is the "centerpiece of attorney's fee awards." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989).

1. **The Hours for Which Plaintiffs' Attorneys Seek Compensation Were Reasonably Expended.**

Plaintiffs' attorneys are seeking compensation only for time reasonably expended on this case. Plaintiffs' counsel have exercised careful billing judgment to ensure that the fee request does not include hours that are excessive, redundant or otherwise unnecessary. (*See* Declaration

---

[2] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3 (citing *Johnson*, 488 F.2d 714).

of Bebe J. Anderson ["Anderson Decl."] ¶¶ 3-4; Declaration of Julie Rikelman ["Rikelman

Decl."] ¶¶ 3-5; Declaration of Priscilla J. Smith ["Smith Decl."] ¶¶ 3-4; Declaration of David A.

Nacht ["Nacht Decl."] ¶¶ 2.) Plaintiffs' application thus contains only those hours necessarily

spent on this case, an amount proportionate to hours typically expended in this type of litigation

involving novel and complex issues. Further, due to the extensive experience of Plaintiffs' New

York-based counsel in litigating abortion rights cases, the number of hours spent on this case

were kept low. (*See* Anderson Decl. ¶ 6; Rikelman Decl. ¶¶ 4, 8; Smith Decl. ¶¶ 4-5, 9.)

The fact that a team of lawyers successfully represented Plaintiffs in this case in no way

detracts from the reasonableness of Plaintiffs' fee request. As the Eleventh Circuit has stated,

> The use in involved litigation of a team of attorneys who divide up the work is
> common today for both plaintiff and defense work. An award for time spent by
> two or more attorneys is proper as long as it reflects the distinct contribution of
> each lawyer to the case and the customary practice of multiple-lawyer litigation.

*Johnson v. Univ. Col. of the Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983);

*see also McCollough v. Cady*, 640 F. Supp. 1012, 1027 (E.D. Mich. 1986) (recognizing as

common legal practice assigning more experienced and more junior lawyer to same case). Here,

Plaintiffs' attorneys reasonably divided up case responsibilities, as reflected in their time records.

(*See* Rikelman Decl., Exh. A; Smith Decl., Exh. A; Anderson Decl., Exh. A; Nacht Decl. ¶ 2; *see

also* Anderson Decl. ¶¶ 1, 11.)

Plaintiffs are seeking compensation for the following amount of time spent on this case,

as detailed in the declarations and accompanying exhibits filed and served herewith:

| Attorney | Hours |
| --- | --- |
| Julie Rikelman | 246.46 |

| | |
|---|---|
| Bebe J. Anderson | 45.8 |
| Priscilla J. Smith | 7.91 |
| David A. Nacht | 11.6 |

As explained in those declarations, those hours do not include all hours spent on this litigation. (*See* Rikelman Decl. ¶¶ 3, 5; Anderson Decl. ¶¶ 4, 11; Smith Decl. ¶ 3.)

### 2.   The Rates Requested by Plaintiffs are Reasonable.

#### a.   Plaintiffs' Local Counsel Appropriately Seeks Rates Based on Customary Rates in this Venue.

Plaintiffs' local counsel has submitted an affidavit setting forth prevailing fees in the local community.  The rate Mr. Nacht seeks for his time is clearly reasonable in light of several factors.  Counsel seeks rates based on the quality of his performance in this case, in keeping with counsel's usual billing rates.  Mr. Nacht has a successful practice in Ann Arbor and the hours he spent on this case necessarily precluded him from working on matters for other, paying clients. In addition, given the legal complexity posed by this case, Mr. Nacht could not be certain of ever being compensated for his time.  Therefore, Mr. Nacht's time should be compensated at his requested rate of $240.00 per hour.  (*See* Nacht Decl. ¶¶ 4-5.)

As discussed below, Plaintiffs' New York City-based attorneys should be compensated based on New York City rates.  However, if this Court decides to award fees for those lawyers' time based on rates for the Detroit area, the rates Mr. Nacht sets forth for Plaintiffs' other counsel are appropriate for attorneys of those levels of experience in the Detroit area.  *See* Nacht Decl. ¶ 8; *see also McHugh v. Olympia Entm't, Inc.*, 2002 WL 1065948, at **8-9 (6th Cir. 2002)

(holding that $350/hr rate was "reasonable in national, regional, and local [Detroit] markets").[3]

### b. Plaintiffs' Non-Local Counsel Appropriately Seek Rates Based on Customary Fees in New York City.

As the Sixth Circuit has recognized, the normal calculation of fee awards may not, in fact, be "reasonable" under the particular circumstances of the litigation because it does not take into account "special circumstances." *Northcross*, 611 F.2d at 638. One such special circumstance is geographical. Although the relevant community for fee award purposes is usually the community in which the court is located, *Blum v. Stenson*, 465 U.S. 886, 895 (1984), "[d]istrict courts are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys in individual cases." *Louisville Black Officers Org., Inc. v. Louisville*, 700 F.2d 268, 278 (6th Cir. 1983); *McHugh*, 2002 WL 1065948, at **8-9 (upholding grant of Chicago rates in Detroit case); *see also Adcock-Ladd*, 227 F.3d at 350-51 (reversing district court and awarding Washington D.C. rates to attorney in a Tennessee case); *In re Atlas Automation, Inc.*, 27 B.R. 820, 823 (Bankr. E.D. Mich. 1983) (at-home rates of non-local counsel should serve as "a point of departure" for attorney fee calculations in bankruptcy proceeding).[4]

---

[3] Pursuant to Sixth Circuit Rule 28(g), Plaintiffs state that they believe that this unpublished decision has precedential value in relation to a material issue in this motion and that there is no published decision that will serve as well. A copy of this unpublished decision is being provided to the Court and the parties in an addendum to this brief.

[4] Not only the Sixth Circuit, but a majority of the Circuit Courts of Appeal have found that rates other than those of the local forum are appropriately awarded where local counsel was unavailable either because they were unwilling or unable to perform or because they lacked the degree of experience, expertise, or specialization required to handle properly the case. *See, e.g., Gates v. Deukemejian*, 987 F.2d 1392, 1405 (9th Cir. 1991) (upholding San Francisco rates for counsel who normally practiced there, rather than rates of Sacramento, where case arose and was tried, in complex class action prison litigation); *McDonald v. Armontrout*, 860 F.2d 1456, 1459-60 (8th Cir. 1988); *National Wildlife Federation v. Hanson*, 859 F.2d 313, 317-18 (4th Cir. 1988); *Polk v. N. Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983); *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768-69 (7th Cir. 1982), *cert. denied*, 461 U.S. 956 (1983); *Maceira v. Pagan*, 698 F.2d 38, 40 (1st Cir. 1983).

An award of non-local rates is permissible when hiring an out-of-town specialist is "reasonable in the first instance" and when the rates sought are "reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995).[5] In determining the reasonableness of awarding New York rates for the New York-based CRLP attorneys, rather than Detroit rates, the Court should consider whether local counsel was unavailable, or local attorneys were unwilling or unable to perform because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id.* The court should then confirm that the rates requested are reasonable for attorneys of their skill, experience, and reputation. Based on these factors, Plaintiffs qualify for an award of New York rates.

The reputation, experience and ability of Plaintiffs' attorneys all support Plaintiffs' request for New York rates for Ms. Rikelman, Anderson, and Smith. CRLP is nationally recognized for its expertise in and successful litigation of reproductive rights cases. (*See* Anderson Decl. ¶ 2.) CRLP is a public interest law firm dedicated to preserving and expanding reproductive freedoms in the United States and throughout the world, and its litigation staff is accordingly highly specialized in handling challenges to laws affecting abortion and reproductive health. (*Id.*) At the time of this litigation, there were no attorneys practicing in the Detroit area with expertise in challenging the constitutionality of laws restricting access to abortions comparable to that of the lawyers at CRLP. *See* Nacht Decl. ¶ 8; *see also* Anderson Decl. ¶ 2; *Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) (prevailing civil rights plaintiff entitled to

---

[5] In *Hadix*, the Court denied an award of out-of-town rates; however, that was because the litigation, which had been ongoing for over ten years and had progressed to the stage of monitoring, presented no risk of lack of compensation; in fact, the court characterized the case as "a cash cow." 65 F.3d at 535.

attorneys' fees based on rates of outside counsel's place of business where comparable counsel unavailable within local forum).

Given the expertise possessed by CRLP attorneys in abortion rights and reproductive health issues, Plaintiffs clearly acted reasonably in retaining CRLP to represent them in this litigation.

Accordingly, because of the expertise in reproductive rights litigation that they have brought to bear on this challenging case, and their efforts spent in achieving a successful result, Plaintiffs believe that it is appropriate in this case to award attorneys' fees for time spent by Ms. Rikelman, Anderson, and Smith at the New York City rates set forth in the accompanying declaration of Susan J. Kohlmann, Esq.

For all of the reasons discussed above, the hourly rates sought by Plaintiffs' New York-based attorneys, set forth below, are reasonable:

| Attorney | Hourly Rate[6] |
|---|---|
| Rikelman | $295.00 |
| Anderson | $520.00 |
| Smith | $390.00 |

## C. Plaintiffs are Entitled to an Award of their Taxable and Non-taxable Litigation Costs.

Because the Plaintiffs are entitled to recover attorneys' fees under 42 U.S.C. § 1988, they are entitled to recover litigation-related expenses as well. The authority to award reasonable

---

[6] The list in the above text shows rates for Ms. Rikelman, Anderson, and Smith based on the Southern District of New York. Alternatively, if the Court decides that the District of Michigan is the relevant community for determining all rates in this case, Plaintiffs are requesting fees at customary rates charged clients by Detroit firms: $150.00 per hour for Ms. Rikelman, $325.00 per hour for Ms. Anderson, and $300.00 per hour for Ms. Smith. (*See* Nacht Decl. ¶ 8.)

attorney fees to civil rights plaintiffs is "long settled" in the Sixth Circuit, and "includes authority

to award those reasonable out-of-pocket expenses incurred by the attorneys which are normally

charged to a fee-paying client." *Northcross*, 611 F.2d at 639. Generally, all reasonable

expenses incurred in case preparation or during the course of the litigation are recoverable. This

Court has typically allowed recovery for costs of telephone charges, postage, photocopies, on-

line research, travel, mileage, and transcripts. *See, e.g., Cicero v. Borg-Warner Auto, Inc.*, 163 F.

Supp. 2d 743, 745-46 (E.D. Mich. 2001) (awarding deposition transcript and court reporter fees,

travel costs, photocopying, electronic legal research, and postage); *Freier v. Freier*, 985 F. Supp.

710 (E.D. Mich. 1997) (awarding filing fees, process service, fax and telephone, and

photocopying); *see also Planned Parenthood v. Engler*, 1994 WL 780934 (W.D. Mich. 1994)

(granting award of similar expenses in an abortion rights case).[7]

Here, Plaintiffs are seeking a total of $3,234.95 in taxable and non-taxable costs.

Plaintiffs have exercised billing judgment and are not seeking recovery for all compensable

expenses. Plaintiffs are not seeking payment for their New York-based attorneys' telephone,

photocopying, facsimile transmissions, and regular postage. They are seeking $2,690.45 for

New York-based counsel's expenses for travel to court; fees charged by expert witness Dr.

Anthony Johnson, whose declaration was submitted in support of Plaintiffs' motion for summary

judgment; and research expenses. Plaintiffs are also seeking $194.50 for their Michigan-based

counsel's costs for parking, mileage, postage, facsimile transmissions, and long distance

telephone calls. Plaintiffs should be awarded all of those requested costs. In addition, pursuant

---

[7] Pursuant to Sixth Circuit Rule 28(g), Plaintiffs state that they believe that this unpublished decision has precedential value in relation to a material issue in this motion and that there is no published decision that will serve as well. A copy of this unpublished decision is being provided to the Court and the parties in an addendum to this brief.

13

to 28 U.S.C. § 1920, Plaintiffs are entitled to their taxable costs.  Here, Plaintiffs seek an award

of taxable costs in the amount of $350.00, for the expenses incurred for court filings.

## IV.    CONCLUSION

To summarize, Plaintiffs' total request for fees and costs breaks down as follows:

| | | |
|---|---|---|
| Julie Rikelman | 246.46 hours @ $295/hr | $72,705.70 |
| Bebe J. Anderson | 45.8 hours @ $520/hr | $23,816.00 |
| Priscilla J. Smith | 7.91 hours @ $390/hr | $ 3,084.90 |
| David A. Nacht | 11.6 hours @ $240/hr | $ 2,784.00 |
| Taxable and non-taxable costs | | $ 3,234.95 |
| **TOTAL FEES AND COSTS** | | **$105,625.55** |

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant its

application for attorneys' fees and costs, in the total amount of $105,625.55.

Dated: October ⟋ ⟋ , 2002          Respectfully submitted,

Bebe J. Anderson
The Center for Reproductive Law & Policy
120 Wall Street, 14th Floor
New York, NY 10005
(917) 637-3600
(On the brief: Galen Sherwin, law student
intern at CRLP)

David A. Nacht, P.C.
Bar Number P. 47034
201 South Main, Suite 1000
Ann Arbor, MI 48104
(734) 663-7550

Attorneys for Plaintiffs

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————————————————X

Northland Family Planning Clinic Inc., et al. :
                                       :

                        Plaintiffs, :            Civil Action
                v.                    :            No. 01-CV-70549
                                :            Hon. Judge O'Meara

Jennifer M. Granholm, Attorney General of the :
    State of Michigan, et al., :

                        Defendants. :

————————————————X

## DECLARATION OF BEBE J. ANDERSON IN SUPPORT

## OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

BEBE J. ANDERSON deposes and says the following:

1. I am a staff attorney with the Center for Reproductive Law and Policy ("CRLP"). Since September 2001, I served as lead counsel for Plaintiffs in this case. I submit this declaration in support of the Plaintiffs' motion for attorneys' fees and costs for legal services in connection with the District Court proceedings in this case. In addition to setting forth information regarding my work and qualifications, this declaration summarizes all the fees and costs sought by Plaintiffs for work done by CRLP attorneys in this case. In addition, Plaintiffs are seeking fees for work done by local counsel David A. Nacht.

2. The Center for Reproductive Law and Policy is a national public interest law firm based in New York City and dedicated to preserving and expanding reproductive freedoms in the United States and throughout the world. The Domestic Program of CRLP, of which I am part, specializes in litigating reproductive rights cases throughout the United States. CRLP is one of

only a very few organizations in the United States that specializes in abortion rights litigation. Currently, the CRLP is lead or co-counsel in a majority of the reproductive rights litigation in the nation, including challenges to abortion restrictions in over twenty states. CRLP's highly specialized legal staff has been recognized as among the top one hundred law firms in the United States by the National Law Journal. "The 100 Most Influential Lawyers," *The National Law Journal* at C4 (April 28, 1997).

3. Attached to this declaration as Exhibit A is a table summarizing the time I spent on this case. This summary shows the date legal services were performed, the type of work done, and the amount of time expended. These summary entries reflect time supported by contemporaneous time records and a review of documents I wrote or edited. In preparing this motion, I fully reviewed my time records and supporting data. I was conservative in compiling my hours and understated the time I spent on this case. As a result, the appended exhibit undercounts time I actually spent working on this case.

4. As shown in these time records, I have spent a total of more than 45.8 hours working on this litigation. My work on this case included, *inter alia*, preparing for and presenting oral argument in support of Plaintiffs' motion for summary judgment and in opposition to Defendants' motion for judgment on the pleadings and preparing opposition to Defendants' motion to amend findings or grant relief from judgment. In the exercise of billing judgment, I have reduced time sought for some activities and am not seeking any compensation for some tasks I performed on this case (such as some discussions with co-counsel). I am not seeking compensation for any time spent preparing this fee application.

5. I am a 1981 graduate of the Columbia University School of Law, where I was a Harlan Fiske Stone Scholar and recipient of the Rosenman Prize. I have been a member in good

2

standing of the bar of the State of New York since March 1982; I have been a member in good

standing of the bar of the State of California since June 1988 (I was on inactive status with that

Bar from 1997 through 2000.) I am also a member of the bars of the United States Supreme

Court, the United States Claims Court, Courts of Appeals for the Second, Fourth, Ninth, Tenth,

and Eleventh Circuits, as well as the United States District Courts for the Southern and Eastern

Districts of New York, the Northern and Eastern Districts of California, and the Eastern District

of Michigan.

6. Since February 1998, I have been a staff attorney with the Center for Reproductive

Law and Policy in New York, New York, a public interest law firm. As such, I conduct federal

and state court litigation relating to reproductive rights throughout the United States. My work at

CRLP has included presenting argument on behalf of plaintiffs before the Florida Supreme Court

in *North Florida Women's Health and Counseling Services v. State of Florida*, No. SC01-843

(Fla., argued March 4, 2002), and before the Arizona Supreme Court in *Simat Corp. v. Arizona

Health Care Cost Containment System*, No. CV-01-0324-PR (Ariz., argued April 30, 2002).

7. Prior to joining CRLP in 1998, I was Co-Executive Director of the HIV Law Project,

Inc., a not-for-profit organization providing legal services and advocacy for low-income, HIV-

positive persons. From 1990 until July 1996, I was a partner at the law firm of Erickson,

Beasley, Hewitt & Wilson ("EBH&W"), located in Oakland, California. At EBH&W, I had a

large litigation load of cases in federal and state courts, including trial and appellate work. I

worked as an associate for EBH&W for two years before becoming a partner; prior to that, I was

a staff attorney with the Legal Aid Society of New York City for three-and-a-half years and a

litigation associate with the New York firm of Winthrop, Stimson, Putnam & Roberts for two-

and-a-half years.

3

8. To derive the hourly rates I am seeking in this motion, CRLP consulted with Susan J. Kohlmann, Esq. regarding hourly rates charged by private attorneys in the Southern District of New York with specialized expertise and experience comparable to my own and court-awarded fees to attorneys in similar litigation. I am seeking a billing rate of $520.00 an hour for time I spent on this case, based on the recommendation of Ms. Kohlmann.

9. In addition, CRLP consulted with David A. Nacht regarding hourly rates charged by private attorneys in the Eastern District of Michigan with specialized expertise and experience comparable to my own. For the reasons set forth in the accompanying Memorandum of Law, I believe that the New York rate should be applied to my work on this case. I therefore request a rate of $520.00 per hour. However, if this Court decides to apply Detroit area rates to my time, based on the information about billing rates provided by Mr. Nacht, I am requesting a rate of $325.00 per hour.

10. I respectfully submit that, in light of my legal experience, skills and abilities, the hourly rate of $520.00 requested for the time I worked on this litigation is fair and reasonable. If this Court decides to compensate for my time based on Detroit area rates, the hourly rate of $325.00 per hour is fair and reasonable. If compensated for my time based on New York City rates, Plaintiffs should be compensated a total of $23,816.00 for the time I spent working on this case ($520.00 per hour times 45.8 hours). If compensated for my time based on Detroit area rates, Plaintiffs should be compensated a total of $14,885.00 for the time I spent working on this case ($325.00 per hour times 45.8 hours).

11. In addition, Plaintiffs seek an award for time spent by other CRLP attorneys, to wit: $72,705.70 for work performed by Julie Rikelman, a fellowship attorney at CRLP who served as lead counsel during most of the work on this case, and $3,084.90 for work performed by Priscilla

4

J. Smith, Deputy Director and then Acting Director of CRLP's Domestic Program, who supervised work on this case. In addition, other attorneys and law clerks at CRLP have spent time working on this case, but in the exercise of billing judgment Plaintiffs are not seeking compensation for their time. For example, CRLP Domestic Program Director Simon Heller spent time discussing case strategy with the attorneys handling this case and reviewing drafts of papers filed with the Court. In addition, law student interns assisted in factual and legal research. Plaintiffs also are not requesting compensation for the time Plaintiffs' New York-based attorneys have spent preparing this application, although such time is properly awarded under 42 U.S.C. § 1988.

12. The fees sought by Plaintiffs for time spent by the CRLP attorneys on this case total $99,606.60 ($23,816.00 for my time, $72,705.70 for Ms. Rikelman's time, and $3,084.90 for Ms. Smith's time). In addition, Plaintiffs seek fees for the time spent by David A. Nacht, as detailed in his declaration.

13. Plaintiffs also seek an award of taxable and non-taxable costs in the amount of $3,234.95, of which $3,040.45 was incurred by CRLP, as itemized in Exhibit B to this Declaration. The cost items set forth in Exhibit B are correct, each cost was necessarily incurred in this case, and the services for which fees were charged were actually and necessarily performed. The taxable costs for which reimbursement is sought consist of court filing fees. The non-taxable costs for which reimbursement is sought include travel expense for Plaintiffs' New York counsel incurred in connection with appearing at the summary judgment hearing, and fees charged by expert witness Dr. Anthony Johnson, whose declaration was submitted in support of Plaintiffs' motion for summary judgment. For CRLP's expenses, as with hours spent by its attorneys, Plaintiffs have exercised appropriate billing judgment. Moreover, Plaintiffs are

not seeking reimbursement for CRLP's in-house photocopying, telephone, facsimile transmissions or regular postage, even though such expenses were necessarily incurred in this case. Plaintiffs are seeking $194.50 for their Michigan-based counsel's costs for parking, mileage, postage, facsimile transmissions, and long distance telephone calls.

14. Pursuant to agreements with Plaintiffs, none of Plaintiffs' counsel have sought or will be seeking recovery of fees or costs from Plaintiffs.

15. I believe that this motion is well grounded in fact and is justified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on October 11, 2002.

BEBE J. ANDERSON

6

ate: 10/04/02

TABS III Detail Work-In-Process Report
The Center for Reproductive Law & Policy

Page: 1

rimary Timekeeper: 1 Rachael Pine

ase: DM384.00D  Michigan Waiting Period - 2
MICHIGAN WAITING

Contact:

# EXHIBIT A

| | | |
|---|---|---|
| rimary Timekeeper: | 1 RP | Category:   1 Abortion Bans |
| econdary Timekeeper: | 1 RP | Rate Code: 1  Draft: 00000001  Final: 00000001 |
| riginating Timekeeper: | 1 RP | Date Opened: 02/14/01 |

Prev Balance:          0.00

| Date | Tmkr | Cat | Src | H P X | T C | B C | R C | Tcode | Ref # | Rate | Hours | Amount | Write Up/Down | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Fees | | | | | | | | | | | | | | |
| 09/04/01 | 47 | BA | 1 | | | | | 5 | 47 | 0.00 | 0.10 | 0.00 | | Emails to co-counsel Heller about court conference |
| 09/06/01 | 47 | BA | 1 | | | | | 3 | 1 | 0.00 | 0.40 | 0.00 | | Telephone call with opposing counsel & with judge's clerk re: discovery & hearing on sj motions |
| 09/19/01 | 47 | BA | 1 | | | | | 9 | 48 | 0.00 | 0.10 | 0.00 | | Review of email from J. Rikelman re case status |
| 09/27/01 | 47 | BA | 1 | | | | | 9 | 2 | 0.00 | 1.80 | 0.00 | | Review of pleadings: plaintiffs' summary judgment motion, defendants' motion for judgment on the pleadings; partial settlement stipulation |
| 10/02/01 | 47 | BA | 1 | | | | | 5 | 51 | 0.00 | 0.10 | 0.00 | | Letter to local counsel re case status |
| 10/02/01 | 47 | BA | 1 | | | | | 5 | 52 | 0.00 | 0.20 | 0.00 | | Letter to clients re case status |
| 10/16/01 | 47 | BA | 1 | | | | | 7 | 3 | 0.00 | 3.10 | 0.00 | | Preparation for summary judgment hearing (including reviewing all cited cases) |
| 10/17/01 | 47 | BA | 1 | | | | | 7 | 4 | 0.00 | 5.90 | 0.00 | | Preparation for summary judgment hearing (including reviewing cited cases) |
| 10/18/01 | 47 | BA | 1 | | | | | 7 | 5 | 0.00 | 7.10 | 0.00 | | Preparation for summary judgment hearing |
| 10/19/01 | 47 | BA | 1 | | | | | 2 | 6 | 0.00 | 0.50 | 0.00 | | Outside meeting with client Renee Chelian |
| 10/19/01 | 47 | BA | 1 | | | | | 11 | 7 | 0.00 | 1.00 | 0.00 | | Court appearance at summary judgment hearing |
| 10/19/01 | 47 | BA | 1 | | | | | 1 | 8 | 0.00 | 1.70 | 0.00 | | Travel to Courthouse for hearing (preparation for hearing while traveling) |
| 10/19/01 | 47 | BA | 1 | | | | | 1 | 9 | 0.00 | 3.30 | 0.00 | | Travel to Courthouse for hearing |
| 10/19/01 | 47 | BA | 1 | | | | | 1 | 10 | 0.00 | 5.00 | 0.00 | | Travel: return to home from courthouse after sj hearing |
| 10/19/01 | 47 | BA | 1 | | | | | 2 | 11 | 0.00 | 0.30 | 0.00 | | Outside meeting with Renee Chelian & Anise Burrell re sj hearing & case status |
| 10/19/01 | 47 | BA | 1 | | | | | 2 | 12 | 0.00 | 0.20 | 0.00 | | Outside meeting with local counsel David Nacht re hearing & case status |
| 10/19/01 | 47 | BA | 1 | | | | | 2 | 13 | 0.00 | 0.10 | 0.00 | | Outside meeting with opposing counsel Phil Brown re case status (website issue) |
| 10/22/01 | 47 | BA | 1 | | | | | 7 | 14 | 0.00 | 0.10 | 0.00 | | Preparation of letter to clients re: possible conflict for judge |
| 10/22/01 | 47 | BA | 1 | | | | | 7 | 15 | 0.00 | 0.10 | 0.00 | | Preparation of letter to opposing counsel re case status |
| 10/23/01 | 47 | BA | 1 | | | | | 3 | 16 | 0.00 | 0.10 | 0.00 | | Telephone message to client Renee Chelian |
| 12/11/01 | 47 | BA | 1 | | | | | 9 | 17 | 0.00 | 0.30 | 0.00 | | Review materials from client Northland re website |
| 12/11/01 | 47 | BA | 1 | | | | | 9 | 18 | 0.00 | 0.30 | 0.00 | | Review State's website for content and changes |
| 12/11/01 | 47 | BA | 1 | | | | | 3 | 19 | 0.00 | 0.10 | 0.00 | | Telephone calls to client Renee Chelian |
| 12/20/01 | 47 | BA | 1 | | | | | 5 | 53 | 0.00 | 0.20 | 0.00 | | Letter to clients re case status |
| 01/11/02 | 47 | BA | 1 | | | | | 3 | 20 | 0.00 | 0.10 | 0.00 | | Telephone call to client Renee Chelian |
| 01/11/02 | 47 | BA | 1 | | | | | 9 | 21 | 0.00 | 0.10 | 0.00 | | Review Health Department's web sites for modifications |
| 01/14/02 | 47 | BA | 1 | | | | | 3 | 22 | 0.00 | 0.10 | 0.00 | | Telephone call with client Renee Chelian |
| 01/14/02 | 47 | BA | 1 | | | | | 9 | 23 | 0.00 | 0.30 | 0.00 | | Review of Northland's web site re state requirements |
| 01/14/02 | 47 | BA | 1 | | | | | 5 | 54 | 0.00 | 0.10 | 0.00 | | Letter to client Chelian re case |
| 03/05/02 | 47 | BA | 1 | | | | | 3 | 29 | 0.00 | 0.10 | 0.00 | | Telephone call with opposing counsel Phil Brown re stipulating to extend time to file for attys fees and costs |
| 03/05/02 | 47 | BA | 1 | | | | | 7 | 30 | 0.00 | 0.20 | 0.00 | | Preparation of Stipulation to extend time to file motion for attys fees & costs |
| 03/05/02 | 47 | BA | 1 | | | | | 9 | 31 | 0.00 | 0.20 | 0.00 | | Review of Health Dept's web site |
| 03/06/02 | 47 | BA | 1 | | | | | 9 | 26 | 0.00 | 0.20 | 0.00 | | Review of Judge's order on motion for summary judgment |
| 03/06/02 | 47 | BA | 1 | | | | | 3 | 27 | 0.00 | 0.30 | 0.00 | | Telephone calls with defendants' attorneys re extension of time to file for attys fees & costs |
| 03/06/02 | 47 | BA | 1 | | | | | 7 | 28 | 0.00 | 0.10 | 0.00 | | Preparation of fax to defendants' attorneys re extension of time to file for attys fees and costs |
| 03/06/02 | 47 | BA | 1 | | | | | 9 | 49 | 0.00 | 0.30 | 0.00 | | Review of proposed motion from defendants re amending judgment |
| 03/07/02 | 47 | BA | 1 | | | | | 3 | 24 | 0.00 | 0.10 | 0.00 | | Telephone call with opposing counsel Baughman re extension of time |
| 03/07/02 | 47 | BA | 1 | | | | | 3 | 25 | 0.00 | 0.10 | 0.00 | | Telephone call to Phil Brown re motion to amend judgment; left message |
| 03/11/02 | 47 | BA | 1 | | | | | 5 | 34 | 0.00 | 0.70 | 0.00 | | Letter to client re revised website & compliance issues |
| 03/14/02 | 47 | BA | 1 | | | | | 5 | 50 | 0.00 | 0.10 | 0.00 | | Letter to expert re court's ruling on summary judgment motion |
| 03/15/02 | 47 | BA | 1 | | | | | 3 | 32 | 0.00 | 0.40 | 0.00 | | Telephone call with client Renee Chelian about revised website & compliance w/ statute |
| 03/15/02 | 47 | BA | 1 | | | | | 5 | 33 | 0.00 | 1.10 | 0.00 | | Letter to clients regarding compliance with the Act (in response to client questions) |
| 03/19/02 | 47 | BA | 1 | | | | | 9 | 35 | 0.00 | 2.40 | 0.00 | | Review of MDCH website and preparation of letter to clients re revisions and draft letter to defendants' attorney re need for further revisions |
| 03/20/02 | 47 | BA | 1 | | | | | 7 | 37 | 0.00 | 0.40 | 0.00 | | Preparation of letter to opposing counsel re revised website & discussion w/ PSmith re same |

Date: 10/04/02                         TABS III Detail Work-In-Process Report                    Page: 2
                                        The Center for Reproductive Law & Policy

Primary Timekeeper: 1 Rachael Pine

Case: DM384.00D Michigan Waiting Period - 2  (Continued)

| Date | Tmkr | Cat | Src | H P | T X | B C | R C | Tcode | Ref # | Rate | Hours | Amount | Write Up/Down | Description |
|------|------|-----|-----|-----|-----|-----|-----|-------|-------|------|-------|--------|---------------|-------------|
| 03/27/02 | 47 | BA | 1 | | | | | 3 | 43 | 0.00 | 0.20 | 0.00 | | Telephone call with Renee Chelian re state website & compliance w/ statute |
| 03/27/02 | 47 | BA | 1 | | | | | 3 | 44 | 0.00 | 0.20 | 0.00 | | Telephone call with Anise Durrell about compliance w/ statute |
| 03/27/02 | 47 | BA | 1 | | | | | 9 | 45 | 0.00 | 2.30 | 0.00 | | Review and revise draft opposition to state defs' motion to amend judgment and findings |
| 03/29/02 | 47 | BA | 1 | | | | | 9 | 39 | 0.00 | 0.20 | 0.00 | | Review of State Defendants' Statement of Remaining Factual Issues and preparation of response |
| 03/29/02 | 47 | BA | 1 | | | | | 5 | 42 | 0.00 | 0.30 | 0.00 | | Letter (fax) to Renee Chelian about compliance w/ statute |
| 04/02/02 | 47 | BA | 1 | | | | | 3 | 46 | 0.00 | 0.20 | 0.00 | | Telephone call with Renee Chelian about compliance w/ statute |
| 04/08/02 | 47 | BA | 1 | | | | | 9 | 57 | 0.00 | 0.20 | 0.00 | | Review of defendants' reply brief in support of motion to amend findings |
| 04/19/02 | 47 | BA | 1 | | | | | 6 | 59 | 0.00 | 0.10 | 0.00 | | Receipt & reading of court order re motino to amend findings |
| 04/22/02 | 47 | BA | 1 | | | | | 7 | 55 | 0.00 | 2.10 | 0.00 | | Preparation of information to clients about compliance w/ statute, state's website |
| 05/03/02 | 47 | BA | 1 | | | | | 9 | 58 | 0.00 | 0.40 | 0.00 | | Review and revise plaintiffs' response to defendants motion to amend findings |
| 05/13/02 | 47 | BA | 1 | | | | | 6 | 56 | 0.00 | 0.10 | 0.00 | | Receipt & reading of opposing counsel's letter to court |

Billable Total:  47 Bebe Anderson                                          45.80        0.00

Total Billable Fees                                                        45.80        0.00

******** R E C A P ********

| Fees: | 0.00 | | | |
|-------|------|---|---|---|
| Expenses: | 0.00 | Prev Bal: | 0.00 | |
| Advances: | 0.00 | Pymt/Cr: | 0.00 | |
| Total WIP: | 0.00 | Bal Due: | 0.00 | Total: | 0.00 |

| A/R: | 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|------|------|-------|-------|--------|---------|------|
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

EXHIBIT B
TO DECLARATION OF BEBE J. ANDERSON

## TAXABLE AND NON-TAXABLE EXPENSES INCURRED BY CRLP

| Type of Cost | Date Incurred | Description | Amount |
|---|---|---|---|
| **TAXABLE COSTS** | | | |
| Fees of the Clerk | 2/12/01 | Filing Fee | $ 150.00 |
| | 2/2/01 | E.D. Michigan Bar Admission Fee, Julie Rikelman | $ 100.00 |
| | 9/30/01 | E.D. Michigan Bar Admission Fee, Bebe Anderson | $ 100.00 |
| **NON-TAXABLE COSTS** | | | |
| Expert Witness Fees | 5/24/01 | Expert Witness Fee for Declarant Anthony Johnson | $2,200.00 |
| Travel Expenses | 9/18/01 | Flight to Detroit for Oral Argument, Bebe Anderson | $ 478.45 |
| Research Expenses | 2/9/01 | Fact research: Fee for medical article | $ 12.00 |

|  |  |
|---|---|
| **Total Taxable Costs Sought by CRLP:** | **$350.00** |
| **Total Non-Taxable Costs Sought by CRLP:** | **$2,690.45** |
| **TOTAL COSTS SOUGHT BY CRLP:** | **$3040.45** |

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------X

Northland Family Planning Clinic Inc., et al.   :
                                                :
                            Plaintiffs,         :        Civil Action
            v.                                  :        No. 01-CV-70549
                                                :        Hon. Judge O'Meara
Jennifer M. Granholm, Attorney General of the   :
    State of Michigan, et al.,                  :
                            Defendants.         :
---------------------------------------------------------X

## DECLARATION OF PRISCILLA J. SMITH IN SUPPORT

## OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

PRISCILLA J. SMITH declares and states the following:

1. I am the Acting Director of the Domestic Program at the Center for Reproductive

Law & Policy (CRLP), and served as co-counsel representing the Plaintiffs in this case. I submit

this declaration and its accompanying Exhibit A in support of the Plaintiffs' motion for

attorneys' fees and costs for legal services in connection with the District Court proceedings in

this case.

2. Attached to this Declaration as Exhibit A is a table summarizing the time I spent on

this case. This summary shows the date the legal services were performed, the type of work

done, and the amount of time expended. These summary entries reflect time supported by

contemporaneous time records and a review of documents I wrote or edited.

3. As shown in these time records, I spent a total of 7.91 hours working on this case. I

was extremely conservative in compiling my hours, and understated the time I spent on this case.

As a result, the appended schedule undercounts time I actually spent working on this case. In addition, I have also not requested fees for the time I spent preparing this application, although such time is properly awarded under 42 U.S.C. § 1988.

4. Moreover, because of my experience in challenging statutes banning or otherwise restricting abortion, the amount of time I expended to perform such tasks as drafting and editing briefs was *substantially* reduced.

5. I have had over nine years of significant trial and appellate court experience challenging restrictions on reproductive rights, such as those at issue in this case, in both federal and state courts. My litigation experience has included presenting oral argument before the United States Supreme Court on behalf of the plaintiffs in *Ferguson v. City of Charleston*, 532 U.S. 67 (2001); before the Florida and Wisconsin Supreme Courts on behalf of the defendants in *State v. Ashley*, 701 So. 2d 338 (Fla. 1997) and *State v. Deborah J.Z.*, 590 N.W.2d 711 (Wis. 1999); and before many other federal and state appellate courts.

6. In 1984, I received a B.A. from Yale College in New Haven, Connecticut. I graduated from Yale Law School in 1991, where I was a Harlan Fiske Stone Scholar.

7. I have been a member in good standing of the bar of the State of California since December 1991. I am also admitted to practice before the United States Supreme Court and the United States Courts of Appeals for the Second, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits and the United States District Courts for the Northern District of California and the Eastern District of Michigan.

8. After graduation from law school, I became associated with the law firm of Morrison & Foerster in San Francisco, California where I specialized in general litigation, complex

intellectual property and patent litigation, and constitutional law.  I worked at Morrison &

Foerster for two years.

9.  In September 1993, I joined CRLP as a fellowship attorney.  I became a staff attorney

at the end of my fellowship in September 1995, Deputy Director of the Domestic Program,

including litigation, on March 1, 1999, and Acting Director on January 1, 2002.  My experience

in this area includes (1) participation as lead counsel in the following cases: *Ferguson v. City of

Charleston*, 532 U.S. 67 (2001) (policy of targeting certain pregnant women for drug testing and

reporting those who tested positive for cocaine to police for arrest and prosecution

unconstitutional unless women provided valid consent); *Okpalobi v. Foster*, 244 F.3d 405 (5th

Cir. 2001) (en banc) (plaintiffs did not have standing to challenge statute creating civil liability

for harm to fetus); *Causeway v. Foster*, 221 F.3d 811 (5th Cir. 2000) (challenge to ban on so-

called "partial-birth abortions"); *Causeway v. Foster*, No. 99-0509, 1999 WL 518846 (E.D. La.,

Jul 21, 1999) (E.D. La. July 21, 1999) (enjoining enforcement of Executive Orders authorizing

warrantless and nonconsensual searches of abortion clinics); *Reproductive Services v. Keating*,

35 F. Supp. 2d 1332 (N.D. Okla. 1998) (challenge to statute requiring that second-trimester

abortions be performed in a hospital); *Northland Family Planning Clinic, Inc. v. Engler*, No. 94-

40089-FL, Order (E.D. Mich. 1994) (challenge to statute requiring 24 hour waiting period and

mandatory information before abortion); *State v. Ashley*, 701 So. 2d 338 (Fla. 1997) (dismissing

homicide prosecution of pregnant woman who shot herself in abdomen); *State v. Deborah J.Z.*,

596 N.W. 2d 490 (Wis. Ct. App. 1999) (dismissing prosecution for attempted murder of pregnant

woman for consuming alcohol); *New Jersey v. Barker*, No. 96-02-605 (N.J. Super. Ct. Jan. 3,

1997) (dismissing child abuse prosecution of pregnant woman who tested positive for drug use);

(2) co-counsel in the following cases: *Stenberg v. Carhart*, 120 S. Ct. 2597 (2000) (challenge to

3

statute banning so-called "partial-birth abortion"); *Little Rock Family Planning v. Jegley*, 192

F.3d 794 (8th Cir. 1999)(same); *Niebyl v. Miller*, 195 F.3d 386 (8th Cir. 1999) (same); *A Woman's*

*Choice v. Butterworth*, 54 F. Supp. 2d 1148 (S.D. Fla. 1998) (same); *Planned Parenthood of*

*Westchester & Rockland v. City of Yonkers*, No. CA-93-8347, Judgment (S.D.N.Y. 1993)

(challenge to city ordinance banning abortion clinics); *New Mexico Right to Choose v. Danfelser*,

No. 23,239, Order (N.M. Nov. 25, 1998) (challenge to ban on Medicaid funding for abortion);

*Jeannette R. v. Ellery*, No. 94-811, Order (Mont. Dist. Ct. May 22, 1995) (challenge to ban on

Medicaid funding for abortion); (3) counsel for amici in *Planned Parenthood Sioux Falls Clinic*

*v. Miller*, 63 F.3d 1452 (8th Cir. 1995), *cert. denied*, 116 S. Ct. 1582 (1996); and (4) counsel for

amici or intervenors defending the constitutionality of the Freedom of Access to Clinic Entrances

Act, *see e.g., Hoffman v. Hunt*, No. 96-1581 (4th Cir. 1997).

10. To derive the hourly rates I am seeking in this motion, CRLP consulted with Susan J.

Kohlmann, Esq. regarding hourly rates charged by private attorneys in the Southern District of

New York with specialized expertise and experience comparable to my own and court-awarded

fees to attorneys in similar litigation. I am seeking a billing rate of $390.00 an hour for time I

spent on this case, based on the recommendation of Ms. Kohlmann.

11. In addition, CRLP consulted with David A. Nacht, Esq., regarding hourly rates

charged by private attorneys in the Eastern District of Michigan with specialized expertise and

experience comparable to my own. For the reasons set forth in the accompanying Memorandum

of Law, I believe that the New York rate should be applied to my work on this case. I therefore

request a rate of $390.00 per hour. However, if this Court decides to apply Detroit area rates to

my time, based on the information about billing rates provided by Mr. Nacht, I am requesting a

rate of $300.00 per hour.

12. I respectfully submit that, in light of my legal experience, skills and abilities, the hourly rate of $390.00 requested for the time I worked on this litigation is fair and reasonable. If this Court decides to compensate for my time based on Detroit area rates, the hourly rate of $300.00 per hour is fair and reasonable. If compensated for my time based on New York rates, Plaintiffs should be compensated a total of $3,084.90 for the time I spent working on this case ($390.00 per hour times 7.91 hours). If compensated for my time based on Detroit area rates, Plaintiffs should be compensated a total of $2,373.00 for the time I spent working on this case ($300.00 per hour times 7.91 hours).

Executed in New York, New York on October 11, 2002.

PRISCILLA J. SMITH

## Northland Family Planning Clinic, Inc., et al  v.  Granholm, et al

## Priscilla Smith's Hours

| Date | | Hours |
|------|---|-------|
| 01/31/01 | Meet with Julie Rikelman and Simon Heller to discuss case strategy and statutory interpretation | 0.66 |
| 02/05/01 | Review and edit complaint, preliminary injunction papers, declaration | 1.00 |
| 02/06/01 | Review and edit complaint, preliminary injunction papers, declaration | 0.75 |
| 02/23/01 | Meet with Julie Rikelman re possible settlement | 1.00 |
| 03/14/01 | Review reply brief on motion for preliminary injunction | 0.50 |
| 04/04/01 | Review proposed settlement | 0.75 |
| 05/04/01 | Meet with Julie Rikelman re fact development on remaining claims | 0.50 |
| 06/20/01 | Meet with Julie Rikelman re website problems, possible non-compliance with settlement | 0.75 |
| 07/05/01 | Review and edit reply on summary judgment | 0.75 |
| 03/27/02 | Review and edit response to motion to amend | 1.25 |
| | **Total:** | **7.91** |

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| _____X | | |
| Northland Family Planning Clinic Inc., et al. | : | |
| | : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 01-CV-70549 |
| | : | Hon. Judge O'Meara |
| Jennifer M. Granholm, Attorney General of the | : | |
| State of Michigan, et al., | : | |
| Defendants. | : | |
| _____X | | |

### DECLARATION OF JULIE RIKELMAN IN SUPPORT OF PLAINTIFFS'

### MOTION FOR ATTORNEYS' FEES AND COSTS

JULIE RIKELMAN declares and states the following:

1.  I was a Fellowship Attorney at the Center for Reproductive Law & Policy (CRLP) until August 2001. While at CRLP, I served as counsel representing the Plaintiffs in this case. I submit this declaration and its accompanying Exhibit A in support of the Plaintiffs' motion for attorneys' fees and costs for legal services in connection with the District Court proceedings in this case.

2.  Attached to this Declaration as Exhibit A is a table summarizing the time I spent on this case. This summary shows the date the legal services were performed, the type of work done, and the amount of time expended. These summary entries reflect time supported by contemporaneous time records and a review of documents I wrote or edited.

3.  As shown in these time records, I spent a total of 246.46 hours working on this litigation. I was conservative in compiling my hours, and understated the time I spent on this case. As a result, the appended schedule undercounts time I actually spent working on this case.

4. Moreover, because of my experience in challenging laws that restrict reproductive rights, the amount of time I expended to perform such tasks as drafting and editing briefs and declarations was reduced.

5. Additionally, I have exercised billing judgment by excluding time spent on telephone calls to experts and in meetings about this case. I have also not requested fees for the time I spent preparing this application, although such time is properly awarded under 42 U.S.C. § 1988.

6. In 1993, I received a B.A. from Harvard College in Cambridge, Massachusetts. I graduated *cum laude* from Harvard Law School in 1997 where I was an articles editor of the Harvard Civil Rights-Civil Liberties Law Review.

7. I have been a member in good standing of the bar of the State of New York since November 1999. After graduating from law school, I spent one year as a judicial clerk for Justice Dana Fabe of the Alaska Supreme Court. I then clerked for one year for Judge Morton I. Greenberg of the United States Court of Appeals for the Third Circuit.

8. In September 1999, I joined CRLP as a fellowship attorney. During my tenure at CRLP, I gained experience challenging restrictions on reproductive rights, such as those at issue in this case, in both federal and state courts, including in the United States Supreme Court. My experience in this area includes participating as co-counsel in the following cases: *Ferguson v. the City of Charleston*, 532 U.S. 67 (2001) (challenge to local policy, implemented at public hospital by law enforcement officers and physicians, of searching the urine of pregnant women for drugs to use as the basis for their arrest); *Okpalobi v. Foster*, 224 F.3d 405 (5th Cir. 2001) (challenge to state statute creating civil cause of action against abortion providers for all harm caused by an abortion, including harm to fetus); *Victoria W. v. Jerry Larpenter et al*, 205 F. Supp. 2d 580 (E.D. La. 2002) (challenge to parish policy requiring female inmates requesting an

2

abortion to hire an attorney and obtain a court order but not imposing such requirements on all other requests for medically necessary care); *North Florida Women's Health and Counseling Services v. State of Florida*, 2001 WL 111037 (Fla. 1st DCA Feb. 9, 2001) (challenge to parental notice for abortion law).

9. To derive the hourly rates I am seeking in this motion, CRLP consulted with Susan J. Kohlmann, Esq. regarding hourly rates charged by private attorneys in the Southern District of New York with specialized expertise and experience comparable to my own and court-awarded fees to attorneys in similar litigation. I am seeking a billing rate of $295.00 an hour for time I spent on this case, based on the recommendation of Ms. Kohlmann.

10. In addition, CRLP consulted with David A. Nacht, Esq., regarding hourly rates charged by private attorneys in the Eastern District of Michigan with specialized expertise and experience comparable to my own. For the reasons set forth in the accompanying Memorandum of Law, I believe that the New York rate should be applied to my work on this case. However, if this Court decides to apply Detroit area rates to my time, based on the information about billing rates provided by Mr. Nacht, I am requesting a rate of $150.00 per hour.

11. I respectfully submit that, in light of my legal experience, skills and abilities, the hourly rate of $295.00 requested for the time I worked on this litigation is fair and reasonable. If this Court decides to compensate for my time based on Detroit area rates, the hourly rate of $150.00 per hour is fair and reasonable. If compensated for my time based on New York rates, Plaintiffs should be compensated a total of $72,705.70 for the time I spent working on this case ($295.00 per hour times 246.46 hours). If compensated for my time based on Detroit area rates, Plaintiffs should be compensated a total of $36,969.00 for the time I spent working on this case ($150.00 per hour times 246.46 hours).

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Anchorage, Alaska on October __3__, 2002.

JULIE RIKELMAN

4

## EXHIBIT A

### JULIE RIKELMAN, ESQ.

*Northland Family Planning Clinic Inc., et al. v. Granholm, et al.*

| Date | Activity | Hours Billed |
|------|----------|-------------|
| 1/26/01 | Analyzing Constitutionality of the Act | 1.00 |
| 1/31/01 | Meeting with S. Heller and P. Smith to discuss potential legal claims | .66 |
|  | Drafting e-mail to Dr. Darney | |
| 2/1/01 | Reading medical articles on medical abortion | 2.33 |
|  | T/C to R. Chelian | |
| 2/2/01 | Drafting R. Chelian affidavit | 6.33 |
|  | T/C to C. Franco | |
|  | Reading medical articles on medical abortion | |
|  | T/C to Dr. Darney | |
|  | Drafting Dr. Darney affidavit | |
| 2/3/01 | Drafting Dr. Darney affidavit | 2.00 |
| 2/4/01 | Drafting Dr. Darney affidavit | 1.00 |
| 2/5/01 | E-mail to Dr. Darney re: draft affidavit | 8.00 |
|  | Drafting R. Chelian affidavit | |
|  | Drafting C. Franco affidavit | |
|  | Drafting Complaint | |
| 2/6/01 | Researching and Drafting Preliminary Injunction Brief | 8.00 |
|  | T/C to Anise Burrell re: description of clinic services | |

| Date | Activity | Hours Billed |
|------|----------|-------------:|
| 2/7/01 | Researching and Drafting Preliminary Injunction Brief | 10.00 |
| | T/C to Dr. Levine | |
| 2/8/01 | Revising Preliminary Injunction Brief | 11.00 |
| | Finalizing Complaint | |
| | T/C to Dr. Darney | |
| | T/C to R. Chelian and C. Franco re: affidavits | |
| | Revising affidavits based on edits from clients and Dr. Darney | |
| 2/9/01 | T/C to Plaintiffs re: status of case and corporate disclosure reqs. | 1.5 |
| | Finalizing Preliminary Injunction Brief and Motion | |
| 2/14/01 | T/C to Dr. Levine re: status of case | .17 |
| 2/20/01 | T/C to Clerk's Office re: status of case | .34 |
| | T/C to D. Goodine, Judge O'Meara's clerk re: briefing schedule | |
| 2/21/01 | Drafting letter to D. Goodine re: briefing schedule | 2.50 |
| | T/C to Attorney General's Office re: settlement | |
| | T/C to opposing counsel re: briefing schedule | |
| | T/C to C. Franco re: settlement | |
| | Analyzing requirements for settlement | |
| 2/22/01 | Analyzing requirements for settlement | 2.00 |
| | T/C to D. Goodine re: briefing schedule | |
| | E-mail correspondence with Attorney General's Office | |
| | T/C to R. Chelian re: settlement | |
| 2/23/01 | Reviewing and marking-up draft of settlement agreement from AG's office | 1.5 |
| | Meet with P. Smith re: settlement agreement | |
| 2/26/01 | T/C to Dr. Levine | .25 |

| Date | Activity | Hours Billed |
|------|----------|-------------:|
| | Drafting e-mail to Attorney General's Office re: settlement | |
| 2/27/01 | T/C to R. Chelian re: settlement | .5 |
| | T/C to P. Brown re: settlement | |
| 2/28/01 | T/C to R. Chelian re: settlement | .17 |
| 3/2/01 | E-mail correspondence with Attorney General's Office re: settlement | .17 |
| 3/7/01 | E-mail correspondence with Attorney General's Office re: settlement | .17 |
| 3/8/01 | Reviewing Defendants' response to Plaintiffs' motion for preliminary injunction | 4.00 |
| | Research for reply brief | |
| 3/12/01 | E-mail correspondence with Attorney General's Office re: settlement update and joint motion to delay enforcement | 4.50 |
| | Research for reply brief in support of preliminary injunction motion | |
| 3/13/01 | Reviewing and marking-up new draft of settlement agreement from Attorney General's Office | 10.5 |
| | T/C to R. Styka | |
| | Legal research re: statutory construction | |
| | Drafting reply brief in support of preliminary injunction motion | |
| 3/14/01 | Drafting and revising reply brief in support of preliminary injunction motion | 10.00 |

3

| Date | Activity | Hours Billed |
|------|----------|-------------:|
| 3/15/01 | T/C to R. Chelian re: settlement draft | 2.0 |
|  | T/C to C. Franco re: settlement draft |  |
|  | T/C to Dr. Levine re: settlement draft |  |
|  | T/C to N. Lipton re: settlement draft |  |
|  | T/C to R. Styka |  |
|  | Reviewing and marking-up new draft of settlement agreement from Attorney General's Office |  |
| 3/16/01 | E-mail correspondence with Attorney General's Office re: settlement and joint motion to delay enforcement | 1.50 |
|  | T/C to D. Goodine re: joint motion |  |
|  | Drafting joint motion to delay enforcement |  |
| 3/19/01 | T/C to D. Goodine re: court's order on joint motion | 3.00 |
|  | E-mail correspondence to Attorney General's Office re: court's order on joint motion |  |
|  | T/C to R. Chelian re: court's order on joint motion |  |
|  | T/C to C. Franco re: court's order on joint motion |  |
|  | T/C to N. Lipton re: court's order on joint motion |  |
|  | T/C to Dr. Levine re: court's order on joint motion |  |
|  | Marking-up new draft of settlement agreement |  |
|  | Drafting letter to Attorney General's Office re: new draft of settlement Agreement |  |
| 3/23/01 | E-mail correspondence with Attorney General's Officer re: proposed settlement | .17 |
| 3/28/01 | Reviewing new draft of proposed settlement | 1.0 |
|  | E-mail to R. Styka re: proposed settlement |  |

| Date | Activity | Hours Billed |
|------|----------|:---:|
| 3/29/01 | Conference call with Attorney General's Office re: settlement | 1.5 |
| | Meeting with S. Heller re: proposed settlement | |
| | E-mail to R. Styka re: proposed settlement | |
| | T/C to R. Chelian re: proposed partial settlement | |
| | T/C to C. Franco re: proposed partial settlement | |
| | T/C to N. Lipton re: proposed partial settlement | |
| | T/C to Dr. Levine re: proposed partial settlement | |
| 3/30/01 | E-mail correspondence with R. Styka re: proposed settlement and briefing schedule for remaining issues | .33 |
| 4/2/01 | E-mail correspondence with R. Styka re: new draft of proposed settlement | 1.0 |
| | Reviewing new draft of proposed settlement | |
| 4/3/01 | E-mail correspondence with R. Styka re: Subsection 9 of Act | 3.0 |
| | Reviewing proposed settlement language re: Subsection 9 | |
| | T/C to R. Chelian re: proposed partial settlement | |
| | T/C to C. Franco re: proposed partial settlement | |
| | T/C to N. Lipton re: proposed partial settlement | |
| | T/C to Dr. Levine re: proposed partial settlement | |
| | Drafting letter to clients re: proposed partial settlement | |
| 4/4/01 | Drafting comments on proposed final draft of settlement | 5.0 |
| | E-mail correspondence with Attorney General re: settlement | |
| | Conference call with R. Chelian and C. Franco re: proposed settlement | |
| | Meeting with P. Smith re: proposed final draft of settlement | |
| | T/C to N. Lipton re: proposed settlement | |
| 4/5/01 | E-mail correspondence with Attorney General re: settlement | .17 |
| 4/6/01 | E-mail correspondence with Attorney General re: proposed order | .33 |
| | Reviewing and marking-up proposed order | |

| Date | Activity | Hours Billed |
|------|----------|-------------:|
| 4/9/01 | T/C to N. Lipton re: confidentiality issues on website | 2.0 |
| | E-mail correspondence with P. Brown re: finalizing order and settlement stipulation and filing with court and agreement of prosecutor defendants | |
| | Reviewing final draft of order re: settlement stipulation | |
| | Finalizing order and settlement stipulation and filing with court | |
| 4/10/01 | T/C to D. Goodine re: proposed order and settlement stipulation | 1.0 |
| | E-mail correspondence with P. Brown re: phone call to court and proposed briefing schedule and motion for remaining issues | |
| 4/12/01 | Amending Complaint | 1.5 |
| | E-mail correspondence with P. Brown re: briefing schedule for remaining issues | |
| 4/16/01 | E-mail correspondence with P. Brown re: briefing schedule and order | .17 |
| 4/17/01 | E-mail correspondence with P. Brown re: briefing schedule and order | .17 |
| 5/3/01 | E-mail correspondence with P. Brown re: projected post date for website | .17 |
| 5/4/01 | E-mail correspondence with P. Brown re: projected post date for website | 2.17 |
| | Analyzing legal challenges to Act's Subsection 9 | |
| | Meeting with P. Smith re: factual development for challenge to Act's Subsection 9 | |
| 5/7/01 | T/C to N. Lipton re: affidavit | 1.5 |
| | T/C to A. Burrell re: affidavit | |
| | Preparing questions to ask clients re: affidavit | |
| | T/C to potential expert | |
| | E-mail correspondence with P. Brown re: projected post date for website | |
| 5/9/01 | T/C to A. Burrell re: affidavit | 4.67 |

| Date | Activity | Hours Billed |
|------|----------|--------------|
| | Drafting and revising A. Burrell affidavit | |
| 5/10/01 | T/C to A. Burrell re: affidavit | 1.17 |
| | Revising A. Burrell affidavit | |
| | T/C to local counsel re: service of process | |
| 5/11/01 | T/C to N. Lipton re: A. Burrell affidavit | 1.0 |
| | T/C to Dr. Johnson re: expert affidavit | |
| | Drafting affidavit for proof of service | |
| 5/12/01 | T/C to Dr. Johnson re: expert affidavit | 1.5 |
| | Preparing questions for Dr. Johnson re: expert affidavit | |
| | T/C to A. Burrell re: draft affidavit | |
| 5/16/01 | T/C to Dr. Johnson re: affidavit | 1.5 |
| | Drafting Dr. Johnson affidavit | |
| 5/22/01 | Drafting summary judgment brief | 7.5 |
| | E-mail to Dr. Johnson | |
| | T/C to P. Brown | |
| 5/23/01 | Research for summary judgment brief | 5.0 |
| 5/24/01 | Research for summary judgment brief | 11.5 |
| | Drafting summary judgment brief | |
| | Revising summary judgment brief | |
| | T/C to A. Burrell re: affidavit | |
| | T/C to Dr. Johnson re: affidavit | |
| | E-mail to Dr. Johnson re: affidavit | |
| 5/25/01 | Drafting and finalizing summary judgment brief | 11.0 |
| | Finalizing A. Burrell affidavit | |
| | Finalizing Dr. Johnson affidavit | |

| Date | Activity | Hours Billed |
|------|----------|--------------|
| 6/4/01 | Drafting memorandum to clients re: compliance with Act and settlement agreement | 2.0 |
| | T/C D. Goodine re: hearing date for dispositive motions | |
| | E-mail correspondence to P. Brown re: hearing date for dispositive motions | |
| 6/5/01 | Drafting memorandum to clients: re compliance with Act and settlement agreement | 1.67 |
| | T/C to D. Goodine re: hearing date for dispositive motions | |
| 6/6/01 | Editing memo to clients re: compliance with Act and settlement agreement | 1.0 |
| 6/13 | T/C to R. Chelian re: state's new website and impending effective date of Act | 1.0 |
| | T/C to C. Franco re: state's new website and impending effective date of Act | |
| | T/C to N. Lipton re: state's new website and impending effective date of Act | |
| | T/C to Dr. Levine re: state's new website and impending effective date of Act | |
| 6/20/01 | Meet with P. Smith re: state's new website and whether it complies with Act | 2.0 |
| | Analyzing state's new website | |
| | Finalizing compliance memorandum to clients | |
| 6/22/01 | T/C to R. Styka re: problems with state's new website | .17 |
| 6/26/01 | Drafting letter to Attorney General's office re: problems with state's new website | 1.0 |
| 6/28/01 | T/C to R. Styka re: problems with state's new website | .17 |
| 6/29/01 | T/C to Dr. Levine re: problems with website | .17 |

| Date | Activity | Hours Billed |
|---|---|---|
| 7/2/01 | Research for summary judgment reply brief | 7.0 |
| | Outlining and drafting reply brief | |
| 7/3/01 | Research for summary judgment reply brief | 6.5 |
| | Drafting summary judgment reply brief | |
| 7/4/01 | Research for summary judgment reply brief | 2.0 |
| 7/5/01 | Drafting summary judgment reply brief | 6.0 |
| | E-mail to R. Styka re: website issues | |
| 7/6/01 | Incorporating S. Heller and P. Smith edits to reply brief | 3.0 |
| | T/C to Attorney General's Office re: website | |
| 7/9/01 | Finalizing reply brief | 6.0 |
| | E-mail correspondence with R. Styka re: delay in Act's effective date | |
| 7/16/01 | Reading state's motion to dismiss brief and outlining opposition | 1.67 |
| | T/C to R. Chelian re: website problems and delay in Act's effective date | |
| 7/17/01 | Research for opposition brief re: standard for Rule 12(c) motions | 2.0 |
| 7/18/01 | Research for opposition brief | 2.0 |
| 7/20/01 | Outline opposition brief | 2.0 |
| | Research for opposition brief | |
| 7/23/01 | Drafting opposition brief | 7.0 |
| 7/24/01 | Drafting opposition brief | 8.0 |
| 7/25/01 | Research for opposition brief re: substantive due process | 10.0 |
| | Research for opposition brief re: 6th Circuit equal protection law | |
| | Drafting opposition brief | |

9

| Date | Activity | Hours Billed |
|------|----------|--------------|
| 7/26/01 | T/C to R. Chelian re: website problems | 6.5 |
| | T/C to C. Franco re: website problems | |
| | T/C to N. Lipton re: website problems | |
| | T/C to Dr. Levine re: website problems | |
| | Revising opposition brief | |
| | Incorporating S. Heller edits to opposition brief | |
| 7/27/01 | Incorporating S. Heller edits to opposition brief | 5.0 |
| | Research re: vagueness | |
| | Finalizing opposition brief | |
| 7/30/01 | Drafting letter to Attorney General's Office re: website problems | 1.0 |
| 7/31/01 | Revising letter to Attorney General's Office re: website problems | .5 |
| | **Total Time:** | **246.46 hours** |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------X

Northland Family Planning Clinic Inc., et al.       :
                                                    :
                                     Plaintiffs,    :          Civil Action
                  v.                                :          No. 01-CV-70549
                                                    :          Hon. Judge O'Meara
Jennifer M. Granholm, Attorney General of the       :
State of Michigan, et al.,                          :
                                                    :
                                     Defendants.    :
---------------------------------------------------X

## DECLARATION OF SUSAN J. KOHLMANN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Susan J. Kohlmann deposes and says the following:

1.      I make this affidavit in support of the application of Plaintiffs for attorneys' fees and costs, based upon my own personal knowledge.

2.      I am a member of the Bar of the State of New York and of the firm of Pillsbury Winthrop LLP. I was admitted to practice in New York in 1983 and have practiced continuously since then. I am admitted to practice in the United States Court of Appeals for the Second Circuit, the United States Court of Appeals for the Fourth Circuit, the United States District Court for the Southern District of New York, and the United States District Court for the Eastern District of New York.

3.      I received my law degree from Columbia University School of Law in 1982. I earned my B.A. degree from Yale University in 1979. After graduation from law school, I began as an associate attorney at Winthrop, Stimson, Putnam & Roberts in New York City which merged with Pillsbury Madison & Sutro in January 2001 and formed

Pillsbury Winthrop LLP. I have been a partner since January 1982 practicing in the litigation and intellectual property departments in the firm's New York office. I am currently the co-head of the firm's intellectual property section and a member of the New York Management Committee. My resume is attached hereto as Exhibit A.

4.      I regularly render bills to clients for professional services provided by our firm and am familiar with our billing practices. At our firm, during 2001, a 1997 law school graduate in the litigation department was billed at a rate of $295 per hour. Those lawyers who would have graduated from law school between 1981 and 1991 would be partners. Generally, in the year 2001, partners who graduated from law school in 1981 were billed out at an hourly rate of $520 and partners who graduated from law school in 1991 were billed out at an hourly rate of $390.

5.      I am familiar with the fee application that we have filed in cases in which we have handled matters on a *pro bono* basis and have sought fee awards under 42 U.S.C. § 1988 or other applicable fee statutes.

6.      I also have participated in litigation in which fee applications have been made by counsel for a class representative in a lawsuit brought under among others, the consumer protection laws, the federal securities laws or other provisions of law pursuant to which attorneys are entitled to seek fee awards. In most cases, these fee applications are based upon (before multiplier calculation) the attorney's customary and usual hourly rate.

7.      I have reviewed publications that conduct and report on surveys of legal fees charged by law firms. These include reported ranges of hourly charges by certain

New York City law firms. Attached hereto as Exhibit B is a copy of the 2001 survey of firm billing rates published in the *National Law Journal* on December 3, 2001.

8.  Lawyers for the Center for Reproductive Law and Policy, which is based in New York City, served as lead counsel for this case. CRLP is seeking attorneys' fees based on rates charged for lawyers of their experience and expertise in the Southern District of New York.

9.  At the request of Plaintiffs' counsel, I have reviewed the declarations of the attorneys from CRLP who worked on this case. I understand that Julie Rikelman, fellowship attorney at CRLP, served as lead counsel during most of 2001 and that Bebe Anderson, who joined CRLP as a staff attorney in 1998, served as lead counsel following Ms. Rikelman's departure from CRLP in August 2001. Moreover, I understand that Priscilla Smith, Deputy Director and then Acting Director of CRLP's Domestic Program, supervised this case.

10. Based on my review of their declarations, I am aware that Julie Rikelman received her J.D. in 1997 from Harvard Law School, clerked for two years thereafter (for a state supreme court judge and a federal circuit court judge), and was a fellowship attorney with CRLP when she worked on this case. I understand that Bebe J. Anderson received her J.D. in 1981 from Columbia School of Law and had practiced civil litigation for approximately twenty years at the time she worked on this case, including time as a partner in a California law firm. I understand that Priscilla J. Smith received her J.D. in 1991 from Yale Law School, was Deputy Director and then Acting Director of CRLP's Domestic Program at the time she supervised work on this case, and has argued in front of the United States Supreme Court.

11.     Based on my review of those declarations, my familiarity with fee awards in the Southern District of New York, the billing rates used by my firm, and my general understanding of the complexity of the issues involved with Section 1983 cases, it is my opinion that reasonable fees for this case at rates awarded for attorneys with offices in New York City would be as follows: for Ms. Rikelman, a rate of $295 per hour; for Ms. Anderson, a rate of $520 per hour; and for Ms. Smith, a rate of $390 per hour.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, NY on October 11, 2002

_____
Susan J. Kohlmann

## SUSAN J. KOHLMANN | PARTNER
skohlmann@pillsburywinthrop.com



**Office:** New York
**Ph** 212.858.1707
**Fax** 212.858.1500

### PRACTICE AREAS
- Class Actions
- E-Commerce & Internet Law
- Intellectual Property
- Litigation

**Ms. Kohlmann** is the Co-Chair of the Pillsbury Winthrop LLP Global Intellectual Property Practice Section and a member of the New York Office Management Committee.

Ms. Kohlmann has extensive experience in trials, arbitrations, mediations, and appellate matters involving intellectual property. Specific areas of recent experience include intellectual property litigation and arbitration involving trademarks, domain names, cybersquatting, reverse domain name hijacking and metatags, as well as web site development issues. Ms. Kohlmann also advises clients on a wide variety of intellectual property and e-commerce matters, such as content licensing, software licensing, technology development, joint venture agreements, co-branding agreements, screenscraping, domain name and other Internet issues. She also enjoys counseling clients on the development of their trademark portfolios and prosecuting trademark applications.

Ms Kohlmann also has extensive experience in complex class actions and in complex litigation throughout the United States and abroad. Ms. Kohlmann's complex commercial litigation experience includes litigating a variety of issues on behalf of the estate of a major twentieth century artist; prosecuting a multi-hundred million dollar litigation against a nuclear power plant supplier; prosecuting the claims of the largest purchaser of WPPSS bonds in securities litigation; litigating and advising on behalf of secured creditors' interests (both inside and outside of bankruptcy) in hotels, residential real estate and other types of collateral; and representing domestic and international banks in letter of credit and other disputes.

### EDUCATION
J.D., Columbia University School of Law, 1982 (Jane Marks Murphy Prize, Casenote and Comment Editor, Columbia Journal of Transnational Law)

B.A., Yale University, 1979

EXHIBIT A

**AFFILIATIONS**
Admitted to practice: State of New York
Member of: Executive Committee, Association of the Bar of the City of New York, Board
of Legal Advisors of NOW Legal Defense and Education Fund; Co-chair, Committee on
Women and the Law, 1999-2001, Association of the Bar of the City of New York.


**PUBLICATIONS**
August 28, 2002
Bulletin 02-20, Class Decertification Suggests Narrowing of Consumer Protection Law

January 9, 2002
Bulletin 02-01, Supreme Court Warns Consumers to be Vigilant Regarding Identity Theft

August 22, 2001
Bulletin 01-26, Internet:  Absent Assent, A Contract Is Not Formed For Downloaded
Software

July 6, 2001
Bulletin 01-20, New Schedules Announced for .Biz and .Info Domain Name Registration

May 25, 2001
Bulletin 01-14, ICANN Announces Launch of Two New Top-Level Domains: Registries
for .Biz and .Info Offer Protection for Intellectual Property Rights

November 22, 2000
Bulletin 00-22, Not Just .com Anymore: ICANN Approves New Top-Level Domains

September 1, 2000
Bulletin 00-17, Domain Names: Court Examines Jurisdictional Issues

July 21, 2000
Bulletin 00-11, Congress Passes Electronic Signature and Record Bill

January 14, 2000
Bulletin 00-02, Internet Service Provider Found Not Liable For Defamation

January 5, 2000
Bulletin 00-01, Cyberpiracy Remedies And New Dispute Resolution Procedures Enacted

Copyright 2001 The New York Law Publishing Company
The National Law Journal

December 3, 2001

SECTION: Pg. B18

LENGTH: 2064 words

HEADLINE: A firm-by-firm sampling of billing rates nationwide

BODY:

The National Law Journal asked the respondents to its 2001 survey of the nation's 250 largest law firms to provide hourly billing rate information for partners and associates firmwide. The firms that supplied this information -- including some firms that are not in the NLJ 250 -- are listed below in alphabetical order. The number after a firm's name indicates the total number of attorneys at that firm. If a city is listed below the name of a firm, the firm's principal office is in that city.

ABCD

Alston & Bird (599)
(Atlanta)
Partners $320-$500
Associates $150-$350

Altheimer & Gray (347)
(Chicago)
Partners $220-$525
Associates $115-$360

Andrews & Kurth (357)
(Houston)
Partners $300-$500
Associates $160-$325

Arent Fox Kintner Piotkin & Kahn (315)
(Washington, D.C.)
Partners $300-$485
Associates $160-$300

Armstrong Teasdale (219)
(St. Louis)
Partners $200-$295
Associates $105-$220

Arter & Hadden (325)
Partners $200-$475
Associates $135-$290

Baker, Donelson, Bearman & Caldwell (233)
Partners $175-$480
Associates $110-$275

Ballard Spahr Andrews & Ingersoll (390)
(Philadelphia)

EXHIBIT B

Partners $225-$550
Associates $135-$285

Bell, Boyd & Lloyd (206)
(Chicago)
Partners $250-$490
Associates $175-$230

Bond, Schoeneck & King (148)
Partners $170-$300
Associates $120-$205

Bracewell & Patterson (377)
(Houston)
Partners $200-$600
Associates $125-$325

Bradley, Arant, Rose & White (179)
(Birmingham, Ala.)

  Partners $175-$345
Associates $125-$245

Bricker & Eckler (111)
(Columbus, Ohio)
Partners $175-$300
Associates $120-$210

Brinks Hofer Gilson & Lione (131)
(Chicago)
Partners $255-$450
Associates $135-$265

Brown, Rudnick, Freed & Gesmer (187) (Boston)
Partners $335-$600
Associates $135-$425

Bryan Cave (647)
Partners $210-$435
Associates $110-$340

Buchalter, Nemer, Fields & Younger (127)
(Los Angeles)
Partners $285-$495
Associates $155-$325

Buchanan Ingersoll (412)
(Pittsburgh)
Partners $220-$565
Associates $125-$350

Buckingham, Doolittle & Burroughs (121)
(Akron, Ohio)
Partners $190-$350
 Associates $150-$260

Burr & Forman (167)
(Birmingham, Ala.)
Partners $210-$345
Associates $125-$220

Butzel Long (194)
(Detroit)
Partners $200-$360
Associates $135-$210

Cades Schutte Fleming & Wright (58)
(Honolulu)
Partners $180-$325
Associates $135-$205

Carlton Fields (197)
Partners $220-$370
Associates $120-$245

Choate, Hall & Stewart (190)
(Boston)
Partners $335-$550
Associates $195-$340

Cooley Godward (655)
(Palo Alto, Calif.)
Partners $350-$600
Associates $180-$365

Covington & Burling (466)
(Washington, D.C.)
Partners $325-$575
Associates $160-$375

Cozen O'Connor (433)
(Philadelphia)
Partners $185-$450
Associates $130-$315

Crosby, Heafey, Roach & May (258)
(Oakland, Calif.)
Partners $280-$475
Associates $200-$300

Cummings & Lockwood (193)
(Stamford, Conn.)
Partners $200-$435
Associates $145-$265

Curtis, Mallet-Prevost, Colt & Mosle (159)
(New York)
Partners $360-$575
Associates $165-$375

Davis Graham & Stubbs (97)
(Denver)

Partners $215-$310
Associates $125-$215

Davis Wright Tremaine (365)
(Seattle)
Partners $220-$500
Associates $80-$285

Dickinson Wright (185)
(Detroit)
Partners $200-$375
Associates $120-$190

Dickstein Shapiro Morin & Oshinsky (319)
(Washington, D.C.)
Partners $315-$500
Associates $165-$335

Dinsmore & Shohl (234)
(Cincinnati)
Partners $200-$335
Associates $120-$210

Dow, Lohnes & Albertson (163)
(Washington, D.C.)
Partners $320-$600
Associates $160-$335

Drinker Biddle & Reath (405)
(Philadelphia)
Partners $280-$450
Associates $145-$305

Duane, Morris & Heckscher (469)
(Philadelphia)
Partners $240-$500
Associates $150-$280

Dykema Gossett (246)
(Detroit)
Partners $190-$375
Associates $130-$225

EFG

Eckert Seamans Cherin & Mellott (202)
(Pittsburgh)
Partners $200-$390
Associates $125-$220

Edwards & Angell (275)
Partners $280-$525
 Associates $150-$400

Epstein Becker & Green (326)
(New York)

Partners $200-$525
Associates $135-$350

Foster Pepper & Shefelman (127)
(Seattle)
Partners $215-$350
Associates $135-$240

Fox, Rothschild, O'Brien & Frankel (220)
(Philadelphia)
Partners $265-$425
Associates $170-$260

Fredrikson & Byron (161)
(Minneapolis)
Partners $230-$425
Associates $135-$230

Frost Brown Todd (381)
Partners $150-$340
Associates $115-$225

Gardere Wynne Sewell (291)
(Dallas)
Partners $250-$525
Associates $140-$300

Gardner, Carton & Douglas (226)
(Chicago)
Partners $250-$525
Associates $150-$320

Gibbons, Del Deo, Dolan, Griffinger & Vecchione (172)
(Newark, N.J.)
Partners $210-$500
Associates $145-$210

Gray Cary Ware & Freidenrich (482)
(Palo Alto, Calif.)
Partners $300-$600
Associates $195-$385

Greenberg Traurig (812)
Partners $250-$625
Associates $170-$375

H-K

Harris Beach (212)
(Rochester, N.Y.)
Partners $220-$350
 Associates $125-$225

Hodgson Russ (193)
(Buffalo, N.Y.)
Partners $190-$450

Associates $110-$310

Hogan & Hartson (824)
(Washington, D.C.)
Partners $250-$550
Associates $90-$350

Holland & Hart (256)
(Denver)
Partners $185-$385
Associates $110-$260

Holland & Knight (1329)
Partners $195-$550
Associates $90-$375

Hughes Hubbard & Reed (279)
(New York)
Partners $350-$600
Associates $180-$400

Husch & Eppenberger (225)
(St. Louis)
Partners $160-$310
Associates $95-$190

Kelley Drye & Warren (356)
(New York)
Partners $275-$580
Associates $155-$365

Kilpatrick Stockton (520)
(Atlanta)
Partners $240-$500
Associates $145-$255

LMN

Lane Powell Spears Lubersky (165)
(Seattle)
Partners $215-$360
Associates $175-$225

Lewis, Rice & Fingersh (180)
(St. Louis)
Partners $150-$340
Associates $105-$240

Littler Mendelson (378)
(San Francisco)
 Partners $220-$440
Associates $135-$350

Locke Liddell & Sapp (376)
(Texas)
Partners $235-$575

Associates $135-$330

Loeb & Loeb (185)
Partners $335-$500
Associates $180-$325

Long Aldridge & Norman (164)
(Atlanta)
Partners $265-$440
Associates $155-$295

Lord, Bissell & Brook (336)
(Chicago)
Partners $179-$475
Associates $125-$275

Lowenstein Sandler (197)
(Roseland, N.J.)
Partners $275-$475
Associates $135-$275

Luce, Forward, Hamilton & Scripps (212)
(San Diego)
Partners $275-$475
Associates $125-$325

Manatt, Phelps & Phillips (244)
(Los Angeles)
Partners $350-$600
Associates $200-$325

Marshall, Dennehey, Warner, Coleman & Goggin (272)
(Philadelphia)
Partners $125-$250
Associates $110-$175

Matthews and Branscomb (58)
(San Antonio)
Partners $165-$300
Associates $125-$185

McCarter & English (260)
(Newark, N.J.)
Partners $235-$425
Associates $140-$250

McCutchen, Doyle, Brown & Enersen (340)
(San Francisco)
Partners $315-$550
 Associates $150-$325

Merchant & Gould (129)
(Minneapolis)
Partners $265-$430
Associates $170-$290

Michael Best & Friedrich (339)
(Milwaukee)
Partners $180-$400
Associates $125-$230

Miles & Stockbridge (161)
(Baltimore)
Partners $235-$390
Associates $155-$230

Miller, Canfield, Paddock and Stone (271)
(Detroit)
Partners $185-$440
Associates $100-$240

Miller Nash (152)
(Portland, Ore.)
Partners $195-$350
Associates $130-$210

Nelson Mullins Riley & Scarborough (270)
(Columbia, S.C.)
Partners $120-$750
Associates $135-$275

Nossaman, Guthner, Knox & Elliott (119)
(Los Angeles)
Partners $245-$425
Associates $165-$225

Nutter, McClennen & Fish (161)
(Boston)
Partners $325-$460
Associates $160-$225

OPR

Oppenheimer Wolff & Donnelly (276)
Partners $220-$500
Associates $100-$350

Orrick, Herrington & Sutcliffe (599)
Partners $375-$600
Associates $190-$375

Parker, Poe, Adams & Bernstein (156)
(Charlotte, N.C.)
Partners $160-$450
 Associates $100-$250

Patton Boggs (372)
(Washington, D.C.)
Partners $225-$625
Associates $155-$300

Pepper Hamilton (440)

(Philadelphia)
Partners $210-$500
Associates $125-$275

Perkins Coie (577)
(Seattle)
Partners $150-$575
Associates $120-$400

Phelps Dunbar (220)
(New Orleans)
Partners $140-$295
Associates $110-$165

Phillips, Lytle, Hitchcock, Blaine & Huber (177)
(Buffalo, N.Y.)
Partners $175-$435
Associates $105-$310

Piper Marbury Rudnick & Wolfe (816)
Partners $270-$595
Associates $165-$360

Pitney, Hardin, Kipp & Szuch (201)
(Morristown, N.J.)
Partners $265-$425
Associates $140-$290

Powell, Goldstein, Frazer & Murphy (304)
(Atlanta)
Partners $250-$495
Associates $145-$280

Preston Gates & Ellis L.L.P. (375)
(Seattle)
Partners $175-$500
Associates $120-$387

Reed Smith (687)
Partners $230-$585
Associates $100-$450

Rivkin Radler (130)
(Uniondale, N.Y.)
Partners $185-$350
Associates $120-$180

Robinson & Cole (177)
(Hartford, Conn.)
Partners $190-$420
Associates $140-$280

Rosenman & Collin (264)
(New York)
Partners $275-$550
Associates $160-$395

Ross & Hardies (177)
(Chicago)
Partners $250-$385
Associates $170-$270

S-W

Saul Ewing (204)
(Philadelphia)
Partners $225-$475
Associates $135-$245

Schnader Harrison Segal & Lewis (356)
(Philadelphia)
Partners $205-$450
Associates $130-$295

Schwabe, Williamson & Wyatt (114)
(Portland, Ore.)
Partners $175-$305
Associates $160-$190

Seyfarth Shaw (501)
(Chicago)
Partners $215-$445
Associates $145-$255

Sheppard, Mullin, Richter & Hampton (328)
(Los Angeles)
Partners $305-$525
Associates $170-$335

Sherman & Howard (127)
(Denver)
Partners $215-$390
Associates $150-$250

Sills Cummis Radin Tischman Epstein & Gross (153) (Newark, N.J.)
Partners $225-$400
Associates $110-$250

Smith, Gambrell & Russell (182)
(Atlanta)
Partners $180-$450
Associates $125-$350

Smith Helms Mulliss & Moore (205)
Partners $190-$525
Associates $120-$275

Squadron Ellenoff Plesent & Sheinfeld (110)
(New York)
Partners $300-$550
Associates $200-$320

Steel Hector & Davis (191)
(Miami)
Partners $200-$600
Associates $90-$280

Stinson, Mag & Fizzell (152)
(Kansas City, Mo.)
Partners $180-$335
Associates $110-$195

Stites & Harbison (212)
(Louisville, Ky.)
Partners $160-$320
Associates $110-$180

Steel Rives (345)
(Portland, Ore.)
Partners $195-$400
Associates $140-$245

Strasburger & Price (238) (Dallas)
Partners $260-$600
Associates $150-$280

Sutherland Asbill & Brennan (341)
Partners $240-$495
Associates $160-$295

Thacher Proffitt & Wood (191)
(New York)
Partners $375-$550
Associates $105-$350

Thompson Coburn (298)
(St. Louis)
Partners $185-$375
Associates $95-$205

Thompson & Knight (324)
(Dallas)
Partners $245-$425
Associates $165-$230

Townsend and Townsend and Crew (147)
(San Francisco)
 Partners $330-$515
Associates $200-$375

Troutman Sanders (506)
(Atlanta)
Partners $220-$450
Associates $135-$295

Vedder, Price, Kaufman & Kammholz (204)
(Chicago)
Partners $240-$475

Associates $165-$300

Venable (427) (Baltimore)
Partners $240-$600
Associates $150-$275

Vorys, Sater, Seymour and Pease (354)
(Columbus, Ohio)
Partners $220-$400
Associates $125-$240

Wiley, Rein & Fielding (217)
(Washington, D.C.)
Partners $300-$495
Associates $155-$275

Williams, Mullen, Clark & Dobbins (233)
(Richmond, Va.)
Partners $175-$350
Associates $115-$215

Winstead Sechrest & Minick (323) (Dallas)
Partners $240-$475
Associates $145-$300

Wombie Carlyle Sandridge & Rice (446)
Partners $180-$450
Associates $125-$240

LOAD-DATE: December 7, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————————X

Northland Family Planning Clinic Inc., et al.          :
                                                       :
                                    Plaintiffs,        :          Civil Action
                        v.                             :          No. 01-CV-70549
                                                       :          Hon. Judge O'Meara
Jennifer M. Granholm, Attorney General of the          :
        State of Michigan, et al.,                     :
                                    Defendants.        :

———————————————————X

## DECLARATION OF DAVID A. NACHT IN SUPPORT
## OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

DAVID A. NACHT deposes and says the following:

1.  I am local counsel for Plaintiffs in this case. I submit this declaration in support of

Plaintiffs' Motion for Attorneys Fees and Costs in this case pursuant to the Civil Rights Attorney

Fee Award at 42 USC § 1988 and 28 USC § 1920 for the work I performed in connection with

this litigation.

2.  Set forth below is a time billing summary of the time I spent on this case, showing the

date legal services were performed, the type of work done, and the amount of time expended.

The summary entries reflect time supported by both contemporaneous time records and an

examination of my file including the documents I either prepared, edited or reviewed for content

as well as the contemporaneous notes and billing records.

| | | |
|---|---|---|
| Feb. 12, 2001 | 4.5 hours | Review complaint, review local rules, file complaint in District Court |
| March to Oct. 2001 | 4.0 hours | Periodic updates on case (e.g., conversations with |

co-counsel, review of pleadings & correspondence)

Oct. 19, 2001      3.1 hours      Travel between Ann Arbor and Detroit, sponsored NY counsel for admission to ED Michigan bar.

3.  As shown in these records, I have spent a total of 11.6 hours working on this litigation.

4.  I am an honors graduate of Harvard College and of the University of Michigan Law School (Class of 1992), where I served as an editor of the Law Review.  After graduating law school, I clerked for the Honorable Stewart Newblatt and then spent two years as an associate at Miller, Canfield in Detroit, prior to opening my own practice.  I regularly practice in the Eastern District, and I also handle cases in the Western District and the Sixth Circuit, as well as Michigan state courts.

5.  My hourly rate, which is reasonable and customary for an attorney of my background and experience in the Eastern District of Michigan, is $240.00 an hour.  Therefore, Plaintiffs are requesting compensation in the amount of $2,784.00 (11.6 hours at $240.00 an hour) for my time on this case.

6.  In addition, I am seeking my actual out of pocket costs for parking, mileage, postage, facsimile transmissions, and long distance telephone calls, in the amount of $194.50.

7.  Pursuant to agreement with each of the Plaintiffs, I have not sought nor will I be seeking recovery of any fees or costs from any of the Plaintiffs.

8.  Lawyers of the Center for Reproductive Law and Policy ("CRLP"), which is based in New York City, served as lead counsel in this case.  The lawyers who work for that organization have expertise in conducting reproductive rights litigation throughout the United States.  I am not aware of any attorneys in the Detroit area with comparable expertise in challenging the constitutionality of laws restricting access to abortions.

2

9.  Plaintiffs are seeking attorneys' fees for the time spent by CRLP lawyers on this case based on New York City rates, as supported by Sixth Circuit law.  However, in case this Court determines that their time should be compensated at Detroit area rates, rather than New York City rates, I am providing information regarding rates charged in the Detroit area for services from lawyers with customary experience and expertise to that of Plaintiffs' New York-based lawyers.  Based on my experience litigating in the Detroit area, I am familiar with customary fees charged by lawyers undertaking complex civil litigation in this area.  At the request of the CRLP lawyers, I reviewed the declarations from the CRLP lawyers seeking recovery of fees for their work on this case.  I understand that Julie Rikelman received her J.D. in 1997 from Harvard Law School, clerked for two years thereafter (for a state supreme court judge and a federal circuit court judge), and was a fellowship attorney with CRLP when she worked on this case.  I understand that Bebe J. Anderson received her J.D. in 1981 from Columbia School of Law and had practiced civil litigation for approximately twenty years at the time she worked on this case, including time as a partner in a California law firm.  I understand that Priscilla J. Smith received her J.D. in 1991 from Yale Law School, was Deputy Director and then Acting Director of CRLP's Domestic Program at the time she supervised work on this case, and has argued in front of the United States Supreme Court.  Based on their numbers of years of practice and their experience as lawyers, I believe that the reasonable rates in the Detroit area for the CRLP lawyers would be as follows: Julie Rikelman, $150.00; Bebe J. Anderson, $325.00; and Priscilla J. Smith, $300.00.

10. I believe that this motion is well grounded in fact and is justified.

/ /

/ /

/ /

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Ann Arbor, Michigan on October 9 , 2002.

DAVID A. NACHT, P47034

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ————————————————X | |
| Northland Family Planning Clinic Inc., et al.   : | |
| : | |
| Plaintiffs,   : | Civil Action |
| v.   : | No. 01-CV-70549 |
| : | Hon. Judge O'Meara |
| Jennifer M. Granholm, Attorney General of the   : | |
| State of Michigan, et al.,   : | |
| Defendants.   : | |
| ————————————————X | |

## CERTIFICATE OF SERVICE

I, Bebe J. Anderson, hereby certify that on this 11th Day of October, 2002, I caused to be served true and correct copies of:

Plaintiffs' Motion for Attorney's Fees and Costs;

Proposed Order Granting Plaintiffs' Motion for Attorney's Fees and Costs;

Plaintiffs' Brief in Support of Their Motion for Attorneys' Fees and Costs;

Declaration of Julie Rikelman in Support of Plaintiffs' Motion for Attorneys' Fees and Costs;

Declaration of Bebe J. Anderson in Support of Plaintiffs' Motion for Attorneys' Fees and Costs;

Declaration of Priscilla J. Smith In Support of Plaintiffs' Motion for Attorneys' Fees and Costs;

Declaration of David A. Nacht in Support of Plaintiffs' Motion for Attorneys' Fees and Costs;

Declaration of Susan J. Kohlmann In Support of Plaintiffs' Motion for Attorneys' Fees and Costs; and

Addendum to Plaintiffs' Brief in Support of Their Motion for Attorneys' Fees and Costs upon:

1

R. Philip Brown and Ronald J. Styka
Assistant Attorneys General
Community Health Division
P.O. Box 30217
Lansing, MI 48933

Bill Pierson
Corporation Counsel
1200 N. Telegraph Rd.
Pontiac, MI 48341

James M. Straub
Straub, Seaman and Allen
1014 Main Street
St. Joseph, MI 49085

Timothy Baughman
Office of the Prosecutor of Wayne County
1200 Frank Murphy Hall of Justice
1441 St. Antoine
Detroit, MI 48226

Frank Krycia
Assistant Corp. Counsel
1 South Main
8th Floor
Mt. Clemens, MI 48043

via First Class Mail, properly addressed and postage pre-paid.

Bebe J. Anderson